James M. Campbell, plaintiff in error, *vs.* The Atlanta and Richmond Air Line Railroad Company, defendand in error.

1. In the case of an injury to an employee of a railroad company, caused by the running of a train, whilst the burden is on the company to prove that it used proper care and diligence, it is necessary for the plaintiff to show that the injury was caused without fault or negligence on his part.

2. The judge before whom the case was tried being dissatisfied with the verdict, and he having granted a new trial, this court cannot say that the evidence was such as to show that there was an abuse of discretion by the court below, and we are of opinion that there should be another investigation of the case.

Railroads. Presumption. New trial. Before Judge Rice. Gwinnett Superior Court. September Term, 1873.

James M. Campbell brought case against the *Atlanta* and *Richmond* Air-Line Railroad Company for $10,000 00 damages, alleged to have been sustained by him through the negligence of the defendant. The record fails to disclose any plea. The evidence made the following case:

On November 22d, 1872, the plaintiff was in the employment of the defendant as a track-raiser, receiving wages at the rate of $1 00 for each day he worked, out of which he was to board himself. By direction of the officers of the defendant, at the time of the injury, he was, with other employees, engaged in distributing telegraph poles along the line of the road. The poles were thrown off of the cars, at a signal from the foreman, as the train moved slowly along. Those engaged in the work stood on the poles which remained on the cars, and from this fact their foothold was very unsteady. to throw each pole successfully from the cars, it was necessary to raise it above the standards which were located along the sides. Plaintiff was near the centre of the car at the time of the accident. The pole was raised, and at the signal from the foreman, was thrown, but the end at the rear of the car failed to clear the standards. The front end went over and struck the ground about eight feet from the cross-

Campbell *vs.* The Atlanta and Richmond, etc., Company.

ties, and as the train moved on the pole swung round against
the middle standard.    Plaintiff took hold of the pole and
held it until it threw him off the car on to the ground and
fell on top of him.    The poles were round, from twenty-four
to twenty-six feet long, from ten to twelve inches through at
the butt end, and tapered off.    The foreman immediately
jumped off the car and took the pole off plaintiff.    He was
lying on his back and side, his eyes rolled back, frothing at
the mouth and senseless.    He was carried to Duluth, and on
the way to that point requested some one to fan him.    Had
he stepped over the pole as it was swung around by the mov-
ing of the train he would not have been hurt.    Whether this
could have been done, taking into consideration the insecurity
of his footing, was a matter of some doubt.    The fault, if
any, was with the employees at the rear of the car, who failed
to clear the standard with their end of the pole.    The plain-
tiff was twenty-two years of age at the time of the injury,
healthy and sound in every particular.    His memory, sight
and speech have been impaired seriously therefrom, probably
for life.    Is compelled to use a stick to feel his way in walk-
ing and to wear deep colored glasses to protect his eyes.    Is
unable to do any work.    Has no property and is utterly de-
pendent upon his labor for a support.    He testifies that he
supposed the injury was caused as much by his own fault as
by that of others, if there was any fault at all.    His board
was proven to have been worth about $12 00 per month.
The probable duration of his life was shown by the insurance
tables, to be about forty years longer.    He had no family.
His physicians' bills were paid by the defendant.

Hill, a witness introduced by the plaintiff, stated that the
injury resulted from the fault of the plaintiff as much as of
any one else ; that it was a pure accident.

The jury found for the plaintiff $4,500 00.    The defend-
ant moved for a new trial because the verdict of the jury
was contrary to law and evidence, and because the damages
assessed were excessive. The motion was sustained and plain-
tiff excepted.

WINN & SIMMONS; W. W. CLARK; HILLYER & BROTHER, for plaintiff in error.

JAMES P. SIMMONS; JASPER N. DORSEY; COLLIER & SON, for defendant.

TRIPPE, Judge.

Under section 3033 of the Code, an employee of a railroad company would not be entitled to recover damages for an injury sustained by him, caused by the negligence of other employees of the company. Without sections 2083 and 3036, he would be under the common law rule, and could not maintain an action. Section 3033 puts the burden upon the company in all cases where damage is done by the running of its train, to make it appear that its agents have used all ordinary and reasonable care and diligence. Section 3036, in giving a right to employees which they did not have, says, if the person injured is himself an employee of the company and the damage was caused by another employee, *and without fault or negligence on the part of the person injured,* his employment by the company shall be no bar to the recovery. Construing these sections together, their true intent and meaning is, that whilst the company must prove that its agents have used proper care and diligence, it is necessary for the employee who sues, to show that the injury was caused without fault or negligence on his part. In such a case, the contest is between an employee and the company on account of alleged negligence on the part of other employees. The construction we give the provisions of the Code quoted, makes it incumbent on both sides, to show the discharge of their duty. On the part of the plaintiff, that he was without fault or negligence, to entitle him to recover; and on the part of the company, that its agents, the other employees, were not wanting in care and diligence, to entitle it to a successful defense against a claim for damages, for which it otherwise would be liable.

2. The judge before whom the case was tried was dissatisfied with the verdict and granted a new trial. We do not feel authorized to say he abused his discretion, and are of opinion that there should be another investigation of the case.

Judgment affirmed.