THE CENTRAL RAILROAD *vs.* FREEMAN.

Negligence is peculiarly a question for the jury. While, therefore, in a suit against a railroad by an employ , if negligence on his part is plainly shown, the court may correct an erroneous finding in his favor, or may grant a non-suit where there is no conflict in the evience, yet, where the fact of negligence is doubtful, it should be submitted to the jury.

Railroads. Damage. Negligence. Master and servant. Before Judge SIMMONS. Bibb Superior Court. April Term, 1880.

Reported in the decision.

R. F. LYON, for plaintiff in error.

LANIER & ANDERSON ; HILL & HARRIS, for defendant.

SPEER, Justice.

James S. Freeman sued the Central Railroad and Banking Company for damages, caused by the crushing of his hand between the cars of the defendant, while engaged as an employé, in attempting to couple cars on the road of defendant.

When the plaintiff below had closed his testimony, defendant and counsel moved a non-suit, which was overruled by the court. Testimony was then offered by the defendant, and on argument had and charge by the court, the jury found a verdict for plaintiff, whereupon defendant excepted, and assigns as a ground of error, that the court below erred in not sustaining his motion for a non-suit, when plaintiff below closed his testimony. And this is the *sole question* for review.

It appears from the evidence of plaintiff, that he was a train-hand on defendant's road, on a freight train; that a part of his duty was to couple and uncouple cars. "When the train arrived at Gordon, it attached five cars loaded with railroad iron—had already six box-cars, when the cars of iron were added—arrived at No. 11, where another coupling and uncoupling was made. Five of the cars were loaded with iron, and some of the iron bars projected over the end of the upper car next to where I had to couple it. Think we had to couple on another box car at No. 11, but knew I had to make coupling on these cars. I was in the middle way of the cars. I was coupling the open car with the railroad iron to a box car —open cars were coming back already—any one could have coupled it who could couple at all at the speed they were coming if it had not been for the railroad iron. The end of the two bars projected over the end of the car and as they came back I placed myself so as to avoid them striking me. Had my hand on the coupling, but one of the bars struck me on the back of my shoulder while I was trying to couple, and while trying to avoid the bar I

v 66—11

was not looking at the coupling, and when I was struck on the back it threw me across, and same time bumpers came together and caught my hand, it crushed my fingers —coupling cars brought it about... *If the iron had been loaded properly the bars would* not have projected over the end of the car—they projected over two and a half feet. There were several projecting, some on each side of the bumper.   If I had not been struck by railroad iron I could have coupled without danger; I went about it *carefully* as I always did ; never did go in to couple without some misgivings of danger, but never shirked my duty.   I dont think I had noticed the projecting of rails, not until they struck me ; yes, I recollect *this*, that I was particular in turning when the car came up so as to let rails pass in front and behind me, and there was not quite room enough for the one to pass behind me, and it struck me on back and shoulder—*I did not notice the projection of the rails before I went in to couple.*   As they came up I noticed them when I was about to couple, and then I stood so as to let the ends pass so I was between them.   I never saw railroad iron loaded that way before."

The foregoing is a summary of the testimony given by plaintiff immediately connected with the infliction of the damage for which the suit was brought—in addition to other testimony by him to the extent of the injury, his sufferings, disability to labor, length of time and amount of his wages, etc., etc.

Under this evidence defendant below moved a non-suit of plaintiff's action, and the court's refusal so to do is the ground of error assigned.

The rule of liability of railroad companies, to its employés, is so clearly stated in the Code (§3036), and has been so repeatedly ruled upon by this court that it leaves no room for doubt as to *what the law is*.   The difficulty ever is, whether under the facts as proven, the law of liability is applicable.

The first inquiry is, was the injured employé, at the

time of the damage, without fault or negligence? If so, then the *presumption of law* is that his damage was the result of the fault or negligence of the company. To prove to the jury that the injured employé was without fault or negligence in receiving the injury, entitles him to recover, unless the railroad shows it also was without fault or negligence. The question of fault or negligence is a question for the jury, 34 *Ga.*, 330; what constitutes it is made up of facts and circumstances which are to be weighed and considered by them. In this case plaintiff gave his evidence of the circumstances attending the damage for which he sued—whether those circumstances show he was at fault or negligent, could only be determined by that tribunal that is appointed and chosen to consider and weigh them. For a judge to usurp *their* authority and decide *for them* would be an encroachment upon their duties. We do not mean to say that in a case where there was evidence of fault or negligence on the part of an employé, the court should hesitate to correct an erroneous finding. Nor do we mean to say, in a clear case, where there is no conflicting evidence, showing the employé was at fault, the court should not grant a non-suit. But courts are not to *presume juries* will not find correctly. Its duty is to let them hear the facts, determine from those under the law the issues involved, and if found erroneously, interpose and order a rehearing, or if found correctly, to let the verdict stand. As we are not reviewing this verdict, it is not necessary to discuss whether it is or is not sustained by the evidence. But we are clear that when the plaintiff below closed his testimony, it was his privilege, under the facts testified to by him, to have the jury pass upon the question of the liability of the defendant to him for damages.

The evidence was clear that the plaintiff was injured, and injured by the defendant's cars. The extent of the injury, the value of his services, loss of time, and partial disability to labor, by reason of the injury, were also

proven. The sole question *then* as to the liability of de-
fendant when this question of non-suit was made was—*was
the plaintiff without fault or negligence when the injury was
received?* if so, he was *presumptively entitled to recover.*
This issue the court submitted to the jury, and this de-
pended upon the facts and circumstances attending the
injury, which either established or did not establish fault
or negligence in the plaintiff, and to consider and weigh
these facts and circumstances was peculiarly the prov-
ince of the jury. We see no error in this view of the
case, in the court's overruling the motion for a non-suit, 53
*Ga.*, 488 ; 54 *Ib.*, 509 ; 56 *Ib.*, 586 ; 58 *Ib.*, 107, 485.

Let the judgment be affirmed.