## CAUDELL *v.* HARDAWAY CONTRACTING COMPANY.

The plaintiff having failed to support his allegations of negligence upon which the right of recovery was based, it was not error for the court to grant a nonsuit.

OCTOBER 20, 1916.

Action for damages. Before Judge Jones. Rabun superior court. August 24, 1915.

T. M. Caudell brought suit to recover damages, alleging, that while engaged in tearing down certain forms which had been constructed and used in building concrete buttresses of a dam, he went upon a form, and while thereon, holding a piece of 2 x 8 timber which had been nailed to a 4 x 6 piece, he fell from another piece of timber 4 x 6, and received specified injuries; that the piece of timber to which he was holding had been carelessly and negligently put up and insufficiently nailed, and in consequence it came loose and caused him to fall a considerable distance; that he went upon the forms in obedience to a command from the superintendent of the defendant company, and the piece of timber upon which he took his stand and the piece to which he was holding were the only pieces upon which he could stand and to which he could hold to perform the work he was directed to do; that the defendant was negligent, in having put up and insufficiently nailed the piece of timber to which he was holding when he fell, in ordering him to go to work upon the form, an unsafe and dangerous place, in failing to warn him that the place was unsafe, and in not furnishing a safe place for him to work; and that defendant knew or ought to

have known of the defects and the danger of working upon the form, and plaintiff did not know and did not have an equal opportunity of knowing or ascertaining the defects in the structure of the form or the danger of working there. Upon the conclusion of the plaintiff's evidence the court granted a nonsuit, to which judgment the plaintiff excepted.

*Thad. L. Bynum* and *W. A. Charters,* for plaintiff.

*McMillan & Erwin,* for defendant.

BECK, J. (After stating the foregoing facts.) There was no error in granting a nonsuit. The plaintiff's evidence does not show that the defendant was guilty of negligence in the respects pointed out in the petition. The plaintiff certainly knew that the forms were of a temporary character, and not intended to be permanent. He was 26 years old and had sufficient experience as a carpenter to be making about $2.50 per day. He knew that the forms were to be torn down. In tearing down the temporary structure it is necessary to prize loose certain timbers; and the plaintiff, using a bar for that purpose, was prizing loose a piece of timber, and the instrument which he was using suddenly slipped, and this slip caused him to throw his entire weight upon the piece of timber to which he was holding. He does not show that the latter piece of timber was intended to be a support, or that the superintendent could have anticipated that it would be used as a support in the circumstances indicated by the testimony. Nor does he show that the piece of timber to which he was holding was not nailed sufficiently to prevent its tearing loose under any strain which it was intended to resist. It is inconceivable that a superintendent of a concrete building should be expected to warn the carpenters employed by him of the danger of taking hold of any particular plank or piece of timber used in a structure of a temporary character, like forms used to hold concrete in place until it has set. The plaintiff was engaged in tearing down the forms. He knew that the structure was to be taken to pieces, having answered the purpose for which it was constructed. He says, in describing the accident: "I was not prizing the piece that fell with me. My holding to the piece of timber was the cause of its pulling loose, I reckon. I don't know whether it was sufficiently nailed or not. It was standing straight up. I reckon it was nailed. It was not sufficiently fastened to hold my weight. There was no other place

4

on the form for me to stand, except the place I was standing. Nobody pointed out the place. He just told me to go up there and tear it down. He didn't point out the place. He just told me to go up there on the top, and that is where I went. I had no warning. I was prizing off some braces; prizing them off with a crowbar with one hand, and was holding to the 2 x 8 with the other hand. There was nothing else I could have held to. . . It was a part of the framing that I was tearing down. It was put up there as a part of the form. The piece of timber I was standing on was six inches wide. That did not give way. . . It was a long one that I was prizing off at the time I fell. It came loose easier than I expected. It didn't come plumb down; the bar slipped. I expected it would require considerable effort to prize it loose. It didn't take as much effort as I expected it to, and for that reason I lost my balance. . . The piece of timber I had hold to was in behind a piece of 4 x 6, between it and the concrete. It was about as high as I was; just the one piece sticking up there. I guess it stuck up about 6 feet; it was standing straight up. There was just the one piece. I don't know what it was doing up there. It wasn't put there to hold to. It was a portion of the concrete frame. It seemed to be a loose piece of timber when I took hold of it; when I started to fall it seemed to be loose. I don't know whether it was loose before I started to fall. I never tested it. I was holding to the piece of timber when I was prizing off the braces. It didn't seem to be loose then. My weight jerked it loose. I suppose my full weight did go against it when I started to fall. . . It was an accident that the crowbar slipped; that caused me to lose my balance. It just slipped out. It didn't slip out of my hand, it slipped from where I had it. . . I didn't notice whether this timber was secure or not when I took hold of it. I didn't think about any danger. I didn't have any authority to inspect it. I was not working in the same place all the time. . . We were building a dam there. The whole work was dangerous. There was danger of falling off of the buttress. It was a dangerous piece of work all the way around."

As the witness in his own behalf candidly stated, it was a dangerous piece of business all the way round; and tearing away these temporary forms and going upon timber which had not been put together as a permanent structure must have been apparently

dangerous. The fall which resulted in the injury was either purely accidental or was caused by his too suddenly wrenching off the piece of timber which he was endeavoring to remove, thereby causing the crowbar in his hand to slip, and then causing him to throw his full weight upon the piece of timber that he had taken hold of, which seemed to be loose when he took hold of it, according to one part of his testimony, and which he took no pains at all to test, although it was loose. If there was negligence at all, it was negligence upon the part of the plaintiff, and not on the part of the defendant or its superintendent. A nonsuit was proper. *Babcock Lumber Co.* v. *Johnson*, 120 *Ga.* 1030 (48 S. E. 438).

*Judgment affirmed. All the Justices concur.*