### 9201.  BOWEN *v.* SMITH-HALL GROCERY COMPANY.

There being no evidence that any member of the defendant company or any of its agents or servants placed in the street the paper that frightened the plaintiff's horses, he failed to prove his case as laid; and it was not error to grant a nonsuit.

DECIDED MARCH 14, 1918.

Action for damages; from Whitfield superior court—Judge Wright presiding.   August 2, 1917.

*Rosser & Shaw, G. G. Glenn, W. M. Henry,* for plaintiff.

*Maddox, McCamy & Shumate,* for defendant.

LUKE, J.   This case has been to the Supreme Court twice. 141 *Ga.* 721 (82 S. E. 23, L. R. A. 1915D, 617); 146 *Ga.* 157 (91 S. E. 32).   Bowen brought suit for damages against Smith-Hall Grocery Company, a partnership doing business in the city of Dalton.   The petition as amended contained, among other allegations, the following:  The defendants' storehouse and place of business fronts on Hamilton street, the principal business street of the city, upon which at all times of the day there is a large amount of travel by pedestrians and vehicles.   At the time of the injury complained of there was in force in the city the following ordinance:  "The proprietor of each business house must keep a covered garbage-can outside of his place of business, in which must

be placed all refuse, garbage, and trash from said place of business, to be called for by the proper city officers." On the day of the injury the defendants, through their employes, placed upon and near the street and sidewalk in front of their place of business a large amount of trash and loose sheets of paper, without putting it in a receptacle or confining it in any way. The sheets of paper were light and were naturally liable to be blown about the street by even a slight breeze, and naturally tended to excite and frighten even quiet and steady horses. The plaintiff, who was a capable driver, was driving two reasonably well broken, steady, and road-worthy horses along the street. The wind blew some of the paper on the horses and against their legs, which frightened them and caused them to run away, overturning the vehicle, breaking the tongue out of it, and causing the plaintiff to be violently thrown to the ground, to his serious personal injury. It was also alleged that they were negligent in placing the trash and paper where it was deposited. The Supreme Court held that the ordinance was a sanitary ordinance, and that its violation would not be negligence per se. At the conclusion of the plaintiff's evidence the court granted a nonsuit.

The evidence did not prove the plaintiff's case as laid, there being no proof that Smith-Hall Grocery Company, by its partners, servants, or agents placed the paper in the street which frightened the plaintiff's horses. The court therefore did not err in granting a nonsuit.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*