524

24031, 24032. MAY *v.* ABELMAN; and *vice versa.*

Decided February 8, 1935.

*Albert E. Mayer,* for plaintiff. *John M. Slaton,* for defendant.

Jenkins, P. J. This is an action for damages against the owner of an automobile for injury to the middle finger of the plaintiff's right hand by a third person slamming the front door of the car. The negligence alleged is that the defendant directed this person to slam the door while the plaintiff "was leaning against the same with his right hand resting against the sill of the front door, . . the position of your petitioner and his right hand being known to said defendant," the plaintiff "not knowing that defendant had directed and requested the said [person] to slam said door." It is further alleged that all three of these persons had been riding in the defendant's car, that after the plaintiff alighted, the defendant called him back to talk to him, and that when the plaintiff "turned around so as to face said automobile and while standing on the sidewalk leaned forward against said automobile, the head of your petitioner being at and slightly within the window of the rear door, and the right hand of your petitioner resting upon the front door sill of said automobile, the front door of said automobile being open," the other person slammed the door. The court overruled a general demurrer to this petition, but granted a nonsuit. These judgments are attacked respectively by direct and cross-bills of exceptions.

Even if it be conceded for the purpose of this discussion that the position of the plaintiff's hand as alleged sufficed to show that it was in a place of danger known to the defendant, so as to withstand the general demurrer, the plaintiff's only evidence as to how the injury occurred was the testimony of the person slamming the door and of himself. It was not shown that when the defendant told this person to get out of the car and shut the door, the plaintiff's hand was in a position of danger with reference to the door, or that the defendant knew that it was or would be placed in such a position. On the other hand, while other testimony of the plain-

tiff is somewhat contradictory, vague, and ambiguous as to this, he testified: "I was five or six feet from the machine at the time he told [the other person] to get out and shut the door. I did not hear that. [They] discussed it on the way to the hospital or hotel. I was five or six feet away. . . Regarding whether in that conversation I said I was five or six feet at the time [the defendant] told [him] to get out and close the door, it was while I stood there waiting for the others to come. Regarding whether, if that was the case, at that time I had not stuck my fingers in between the hinges—while I was five feet away, I don't think I have that long reach. At that time I did not have my fingers between the hinges, when I was five feet away." Since the testimony of a party must be construed most strongly against him, this evidence failed to support the averments of the petition that the direction to shut the door was given while the hand was in a dangerous position, or that the defendant knew of such a position. All the facts and circumstances as testified clearly indicate that the defendant was not guilty of any negligence.

*Judgment affirmed on main bill of exceptions, cross-bill of exceptions dismissed. Stephens and Sutton, JJ., concur.*