WATKINS *et al.* v. WATKINS, executor, *et al.*

No. 12586. MARCH 8, 1939.

*C. L. Redman,* for plaintiffs.

*W. E. Watkins* and *Benjamin B. Garland,* for defendants.

REID, Chief Justice. In April, 1936, M. W. and W. D. Watkins filed their petition in equity against Joel B. and Obie Watkins as executors of the will of Joel B. Watkins Sr. As amended, the petition sought reformation of a deed which had been executed and delivered to the plaintiffs in May, 1935, by the defendants in their capacities as executors. It was alleged in the petition that plain-

tiffs were surviving children of W. P. Watkins who was one of the legatees named in the will of Joel B. Watkins Sr., and that by virtue of the termination of a prior life-estate they had become entitled to take under "said will in place of their father an undivided interest in certain lands" of the deceased Joel B. Watkins Sr.; that one of the executors, Obie Watkins, after some efforts had been made to arrive at "a family settlement" and division of the lands among those named in the will as remaindermen, had gone with one of the plaintiffs, who was acting for both, and had pointed out to him the lands that he (Obie Watkins) "had allotted to petitioners," and "showing one of said petitioners one of the corners, and the lines leading from this corner, and said to this petitioner that all the lands embraced within these lines, all of which is in this particular tract, is yours," which consists of 130 acres more or less; and that after some time the petitioners agreed to accept said described land as their share of the lands of said estate. Whereupon a deed was made, and one of the petitioners read over the same, and, thinking that by its description it covered the entire tract pointed out to him, accepted it.

The lands conveyed were described in the deed, in so far as reformation is sought, as follows: "All that tract or parcel of land lying and being situated in the 612th district G. M. of Butts County, Georgia, containing 130 acres more or less, and bounded as follows: North by lands of Walter and S. E. Jones, on the east by lands of Obie Watkins and V. M. White, and on the south by lands of Mrs. Nannie J. Hamlin and Watts Maddux, and on the west by lands of the Beauchamp estate." The petition then alleged that shortly before its filing plaintiffs had discovered that defendant Obie Watkins was claiming 20 acres of the tract which petitioners claim was intended to be included in theirs on the east side of same. They alleged that they had not been familiar with the lines of the property involved, or the extent of the real estate to be divided, being residents of Washington, D. C., and that although in the description contained in the deed received by them their land was marked as bounded "on the east by lands of Obie Watkins and V. M. White," they did not know that Obie Watkins claimed any land adjoining that conveyed.

The correction sought to be made in the description was to substitute for the language "on the east side by lands of Obie Watkins

and V. M. White" the following: "on the east by lands of S. M. Jones and V. M. White," it being contended that this substitute boundary would include the 20 acres claimed by Obie Watkins, and that without this being included petitioners would not have 130 acres which they thought they were receiving. These main allegations made by the plaintiffs were denied by the defendants, and the case proceeded to trial. At the conclusion of evidence for plaintiffs, introduced in support of the petition, the trial judge granted a nonsuit, and the case is here on writ of error from that judgment.

Without regard to questions of fraud and mistake relied upon by the plaintiffs below, the evidence as presented in the record before us was insufficient to authorize the plaintiffs to prevail. It would serve no purpose to place here any extended discussion of the evidence. The following excerpt from the brief of evidence illustrates how vague and uncertain the testimony was: "He carried me out and showed me the lands and where it cornered up in the woods, which was the northwest corner, then he told me to look down a line of woods until I saw some green trees sticking up, and said it turned there and went up a wire fence to a road on the other end, and then we drove through this piece and come out on an angle in front of Mr. Jones' place, and he said, 'Look back through there,' meaning look back through the glass of the car. He told me to look back and I could see the corner, and told me where the line came on down there, a rock was sticking up in the bottom, and then turned and went across the hill in line with a fence, and I said, 'How am I going to tell where my land ends and the next man's begins?' We were talking about this 20 acres, and he told me there were two stakes up here, and where the man is plowing or had plowed up the land was where my land come to or ended. On Mr. Jones's side was the side that had not been plowed up. The 20 acres that I claim had not been plowed. He pointed out the lines and did not tell me that he was claiming any land around there, but after we got through there he took me out and showed what he had picked out for his land, and his land was about three quarters of a mile away. I did not know who owned any of the lands adjoining the land he pointed out to me that would be mine, and I had not been shown the lines of the land that any of the other children got in the division." The foregoing, together with

other vague and equivocal statements, including a plat purporting to represent the correct boundary lines of the property, represented the claim of the plaintiffs as to the land which they contended should have been included in the deed.

Code, § 110-310: "A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted. A judgment of nonsuit shall not bar a subsequent action for. the same cause brought in due time."

In order for error to appear in the award of nonsuit it must appear that there was some evidence as touching the essentials of plaintiffs' case upon which a finding in their favor could be predicated. *Harwell* v. *Foster*, 97 *Ga.* 264 (22 S. E. 994); *Barnes* v. *Carter*, 120 *Ga.* 895 (48 S. E. 387). We have searched the record in this case, and find nothing but that which is too vague and indefinite to allow any recovery.

*Judgment affirmed. All the Justices concur.*