32644, 32668.   JACKSON *v.* THOM; *and vice versa.*

DECIDED JANUARY 6, 1950.

*Leiter & Leiter,* for plaintiff.
*Clarke & Anderson,* for defendant.

SUTTON, C. J.   Julia Jackson filed in Fulton Superior Court, a declaration in attachment against Julia C. Thom, a resident of South Carolina, seeking to recover damages for injuries sustained from a fall while descending a stairway leading from the apartment which she occupied as a tenant of the defendant.

The petition as amended indicates, in substance, among other things, that the eighth step of the stairway [counting from the bottom] was missing; that the plaintiff gave the defendant and her agent notice of this condition in time to replace the step before she fell; that the seventh step was in a defective and

dangerous condition, but appeared all right to the plaintiff, as did the rest of the stairway, except the missing eighth step; that in descending the stairway she carefully stepped over the eighth step onto the seventh step, which broke, causing her fall and the described injuries; and that the defendant would have discovered the defective and dangerous condition of the seventh step in replacing the eighth step, and was negligent in failing to do so, which was the proximate cause of her injuries.

After the petition was amended so that it set forth the facts as above indicated, demurrers to the amendment were overruled, and at a later date demurrers to the petition as amended were overruled, with the exception of certain special demurrers. The plaintiff subsequently amended her petition to supply details to meet these special demurrers. The defendant excepted pendente lite to the rulings on demurrer adverse to her. Thereafter the case proceeded to trial before a jury.

At the close of the plaintiff's evidence the trial judge granted a nonsuit on motion of the defendant, and the plaintiff excepted to this judgment. The defendant by cross-bill excepted to the adverse rulings on demurrer, but no insistence is made in regard to the rulings on special demurrer. The plaintiff has moved that this court dismiss the defendant's cross-bill of exceptions.

■ The plaintiff, her physician, and the defendant, who was called by the plaintiff as a witness for the purpose of cross-examination, were the only witnesses to testify at the trial, and in addition to their testimony the plaintiff introduced in evidence a lease agreement. The plaintiff was the only witness who testified in regard to the condition of the steps and the manner in which she received her injuries. According to her testimony the steps were apparently in good condition, except for the missing eighth step, about which she had personally notified the defendant and the defendant's agent quite some time before the fall. She also testified that she had notified the defendant about the eighth step by letter properly addressed, stamped, and mailed. The defendant denied personal notice or the receipt of any letter giving notice of any defect in the stairway. The plaintiff testified that at the time she fell and received her injuries she carefully stepped over the missing eighth step onto the seventh step, as she had been accustomed to do, and that the seventh step then broke, causing her fall and injuries.

It appears from the evidence that the plaintiff, in observing and using the stairway, saw nothing wrong with it except the missing eighth step. Assuming that a jury might determine that the defendant had actual notice of the missing eighth step and should have had it replaced, it was the breaking of the seventh step that caused the plaintiff's injuries, and under the evidence a jury would not be authorized to infer that the seventh step was in a defective condition, and to then infer that the condition was of such a nature that, although not apparent to one using the step, one replacing the eighth step for the landlord would discover the condition and notify the landlord about it. This is true because other inferences could be drawn from the evidence which are just as probable and reasonable, including the inference that the seventh step was latently defective and that no one would have been able to discover its condition. There is nothing in the evidence to indicate that the conclusion relied upon by the plaintiff in support of her theory of negligence is likely, except as a matter of guesswork.

"When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must not only reasonably support that conclusion, but also render less probable all inconsistent conclusions." *Georgia Ry. & Electric Co.* v. *Harris*, 1 *Ga. App.* 714, 717 (57 S. E. 1076).

Since the plaintiff in the present case failed to adduce evidence in support of the theory of recovery indicated by her amended petition, including the permissible inferences arising therefrom, it was not error for the trial judge to withdraw the case from the jury and grant a nonsuit. A nonsuit is error only where, taking that view of the evidence most favorable to the plaintiff, there is some evidence, including the permissible inferences arising therefrom, from which a jury might find a state of facts favorable to the plaintiff's cause of action as laid. See Code, § 110-310; *Jackson* v. *Thompson,* 77 *Ga. App.* 367 (48 S. E. 2d, 903); *White* v. *Executive Committee of the Baptist Convention,* 65 *Ga. App.* 840 (16 S. E. 2d, 605); *Watkins* v.

*Watkins*, 187 *Ga.* 731 (2 S. E. 2d, 63); *Caudell* v. *Hardaway Construction Co.*, 146 *Ga.* 48 (90 S. E. 470); *Holly* v. *Virginia-Carolina Chemical Co.*, 128 *Ga.* 352 (57 S. E. 482).

■ There being an affirmance of the main bill which will result in a termination of the present case, it is not necessary for this court to pass on the assignments of error in the cross-bill, and the cross-bill will be dismissed, irrespective of any reason assigned by the plaintiff in her motion to dismiss. See *McElveen & Hardage* v. *Southern Ry. Co.*, 109 *Ga.* 249, 255 (34 S. E. 281).

*Judgment affirmed on main bill of exceptions; cross-bill of exceptions dismissed. Felton and Worrill, JJ., concur.*