42474.   BARRON, Executrix v. EVANS.

Argued January 3, 1967—Decided January 20, 1967.

*Harris, Russell & Watkins, T. Reese Watkins, W. W. Larsen, Jr.,* for appellant.

*E. L. Stephens, Jr., Beverly B. Hayes,* for appellee.

FELTON, Chief Judge. The failure to appeal from the judgment overruling the general demurrer to the petition establishes that the petition set out a cause of action. *Turner v. Willingham,* 148 Ga. 274 (2) (96 SE 565) and cit.; *Hester v. Dixie Finance Corp.,* 109 Ga. App. 204, 207 (135 SE2d 504) and cit. However, the plaintiff did not prove his case as laid. The acts of negligence alleged were: (1) That the unknown employee of the defendant "slid said bag of fertilizer over and across other bags in such a negligent manner and caused said bag of fertilizer to burst immediately before handing same to plaintiff, thus causing said contents of the fertilizer bag to fall on the body of the pickup truck, and caused the contents of said bag to fly upward, thus resulting in fertilizer getting into the left eye of the plaintiff." (2) That the defendant "did not use due and proper care to provide and maintain safe and suitable premises for customers." (3) That defendant "did not use proper care in protecting the plaintiff." (4) That defendant "did not use proper care in handling [sic] the bags of fertilizer to the plaintiff."

The specifications numbered 2, 3 and 4 are general allegations of negligence; the only allegation of a specific act is numbered 1. "[I]t is certain that if the plaintiff alleges a specific act of negligence, no recovery can be had unless this act of negligence is established, without reference to other averments of negligence in the petition which are general in their nature. *Georgia R. Co. v. Oaks,* 52 Ga. 410 (5); *Central R. Co. v. Nash,* 81 Ga. 581 (2); *Central R. Co. v. Hubbard,* 86 Ga. 624 (4)." *Palmer Brick Co. v. Chenall,* 119 Ga. 837, 845 (47 SE 329). "A plaintiff suing to recover damages for personal injuries must prevail, if at all, by proving the specific acts of negligence with

which the defendant is charged." *Tucker v. Central of Ga. R. Co.*, 122 Ga. 387 (2) (50 SE 128). This rule is not changed merely because the petition may have withstood a general demurrer. Cf. *May v. Abelman*, 50 Ga. App. 524 (179 SE 221).

What was the evidence in support of the charge that the defendant's servant slid the bag of fertilizer over and across other bags in a negligent manner and caused the bag of fertilizer to burst immediately before handing same to plaintiff, thus causing the contents to spill onto the body of the pickup truck, fly upward and get into plaintiff's eye? We find no evidence touching on it save the testimony of the plaintiff. He testified that when he went in his pickup truck to get a load of fertilizer that he was purchasing from Dr. Barron, one of Dr. Barron's servants backed a large truck, loaded with sacks of fertilizer, from under a shed, that he then backed his pickup to the rear of the Barron truck and Dr. Barron's servant "crawled up on top of the pile [of sacked fertilizer], was sliding the fertilizer down off of the pile and I was taking it, turning around like this [indicating], dropping it, and I came in back of my truck, I was dropping it in front of my truck, and after a while we, *he slid a bag down. As I started to pick it up it* wasn't no bottom in it—tore out or sumptin or nuther—and as I—*it just poured out as I picked it up.* Sift all around my feet. Some sift up my face. Actually it got some all over me." On cross examination he testified: "Q. Mr. Evans, you remember your testimony being taken in this case on March 31st in Mr. Horton's office? A. That's right. Q. Now at that time you were asked as to this bag of fertilizer, 'You don't know what tore it?' and you answered, 'I don't know what tore it.' Is that still your testimony? A. Yes sir, that's right, it was tore when I got hold of it. Q. You don't know what tore the bag of fertilizer? A. I don't know what tore the bag of fertilizer." Later he again testified on cross examination: "Q. You picked it up off the truck, and when you picked it up it went to pouring out around your feet? A. That's right. Q. You do not know what tore it? A. I do not know what tore it unless the boy sliding it down off the fertilizer, the bottom— Q. But you don't know? A. No, it was tore when I got hold of it."

Plaintiff also testified: "Q. You knew [the fertilizer] came from Savannah, didn't you? You testified that before— A. Yeah, we had a sack, well it's on the sack. Made in Savannah. Q. Do you know for some period of time that the Barron business has purchased fertilizer from Southern States and hauled it out of Savannah to their place of business in Rentz? A. Yeah, there's some more people, heap of people haul fertilizer from Savannah. Q. I know, but the Barrons, they were getting Southern States fertilizer out of Savannah, and you picked it up off the truck there in their place in Rentz didn't you? A. That's right. Q. This fertilizer is not made by the Barrons, is it? A. No. Q. Or packaged by them? A. Just sold by them. Q. Bought by them from Southern States and re-sold by them? A. That's right."

We can find nothing in this testimony showing that the sliding of the bag across other bags of fertilizer was done in a negligent manner. Nothing indicates that it was not done in the same manner as had been the case with other bags preceding it. There was nothing to show any rough handling, any unusual or different handling, or any sliding of the bag over some foreign object calculated to tear it. There is no proof that the bag burst immediately *before* handing same to plaintiff, thus causing the contents to spill onto the body of the pickup truck and fly upward. Rather the proof is that when the plaintiff picked the bag up from the floor of the Barron truck to transfer it to the pickup the bottom came out and the fertilizer spilled. This was after the bag had been moved or slid down. There is no proof that it was handed to the plaintiff—rather that he picked it up from the truck to move it.

It appears that the defendant did not sack the fertilizer, but that it was done by Southern States in Savannah, from whom it had been purchased for resale. It may be that the bag was faulty, or that the contents had deteriorated it—but there is no proof that the defendant had any knowledge of that, or that it had been apparent or would have been if inspected. Obviously, it was not apparent even to the plaintiff until after he picked it up. He did not know and did not show by other evidence, direct or circumstantial, what caused

the bag to fail or to burst open. There is simply no proof of this specification of negligence and, since this is not a case where the doctrine of res ipsa loquitur is applicable, the verdict is wholly unsupported. Cf. *Kinnard v. McElroy*, 51 Ga. App. 249 (179 SE 907), and *Slaton v. Atlanta Gas-Light Co.*, 62 Ga. App. 42 (7 SE2d 769), where similarly there was a failure of proof when plaintiff testified that he "did not know" what happened or what caused the injury. And see *Thompson v. Asa G. Candler, Inc.*, 25 Ga. App. 27 (2) (102 SE 374); *Western Union Tel. Co. v. Owens*, 23 Ga. App. 169 (98 SE 116); *Bowen v. Smith-Hall Grocery Co.*, 22 Ga. App. 54 (95 SE 322); *Johnson v. Buckeye Cotton Oil Co.*, 19 Ga. App. 268 (91 SE 280); *Holly v. Virginia-Carolina Chemical Co.*, 128 Ga. 352 (57 SE 482); *Caudell v. Hardaway Contracting Co.*, 146 Ga. 48 (90 SE 470).

Defendant's motion for judgment notwithstanding the verdict should have been granted.

The judgment is reversed with direction that a judgment n.o.v. be entered in accordance with the motion therefor.

*Judgment reversed with direction. Hall and Eberhardt, JJ., concur.*