43289, 43290. CLARK v. PIEDMONT HOSPITAL, INC.; and vice versa.

ARGUED JANUARY 4, 1968—DECIDED JUNE 12, 1968.

*Webb, Parker & Ferguson, John Tye Ferguson,* for appellant.

876

Powell, Goldstein, Frazer & Murphy, C. B. Rogers, David R. Aufdenspring, for appellee.

HALL, Judge. 1. The complaint adequately stated a claim for relief. Ga. L. 1966, pp. 609, 619, as amended (Code Ann. § 81A-108); Harper v. DeFreitas, 117 Ga. App. 236 (1) (160 SE2d 260); see also Hill v. Willis, 224 Ga. 263 (1) (161 SE2d 281).

2. Where a motion for summary judgment is overruled and the case proceeds to trial and where the evidence introduced at the trial authorizes the verdict on this same issue, any possible error in overruling the motion for summary judgment is harmless. Hill v. Willis, 224 Ga. 263 (2), supra.

3. The trial court erred in directing a verdict for the defendant. "The question of fault or negligence is a question for the jury . . . ; what constitutes it is made up of facts and circumstances which are to be weighed and considered by them. . . For a judge to usurp their authority and decide for them would be an encroachment upon their duties . . . courts are not to presume juries will not find correctly." Central R. v. Freeman, 66 Ga. 170, 173. It is elementary that on motion for directed verdict the evidence must be construed in its light most favorable to the party opposing the motion.

The testimony at the trial shows that the plaintiff was a 73-year-old female hospital patient suffering with bilateral pneumonia and vertigo who was not to get out of bed except to go to the bathroom. On the occasion of her injury, she got out of the bed and went to the bathroom. There was a steam vaporizer on the left side of the bed. When she returned to the bed she placed her hand on the side of the bed, which was hot, which burned her hand and caused her to fall upon the vaporizer and thereupon suffer injuries. The negligence alleged in the petition consists of carelessly and wrongfully placing the vaporizer next to the plaintiff's bed in such a manner as to create an unreasonable risk of harm to a person in the plaintiff's condition.

The defendant contends that there was no negligence on the part of the hospital because the physician had ordered the vaporizer to be placed in the patient's room. The fallacy of

this contention is that the physician did not specify where the vaporizer was to be placed. He merely ordered a vaporizer for the room. A jury might have found that the defendant could have placed it at some place other that at the side of the bed adjacent to the bathroom. It cannot be said as a matter of law that reasonable men could not say that the exercise of ordinary care might have required that it be placed on the side of the bed opposite the bathroom. It cannot be said as a matter of law that this had no relationship whatsoever to the proximate cause of this injury.

While the defendant contends that there was no negligence in its placement of the vaporizer, it takes the opposite reasoning as to the plaintiff's alleged negligence. It says that the plaintiff, in her condition as a patient, should have foreseen this danger from the vaporizer and left the bed from the opposite side of the vaporizer and bathroom and taken the more circuitous route to the bathroom. In other words, as a matter of law this 73-year-old woman, weak with pneumonia and vertigo, should have foreseen this danger on her trek to and from the bathroom but an experienced staff of professional personnel of the hospital should not have foreseen the danger. We disagree.

"A private hospital in which patients are placed for treatment by their physicians, and which undertakes to care for the patients and supervise and look after them, is under the duty *to exercise such reasonable care in looking after and protecting a patient as the patient's condition, which is known to the hospital through its agents and servants, charged with the duty of looking after and supervising the patient, may require.* This duty extends to safeguarding and protecting the patient from any known or *reasonably apprehended danger from himself* which may be due to his mental incapacity, and to use ordinary and reasonable care to prevent it." *Emory University v. Shadburn,* 47 Ga. App. 643 (1) (171 SE 192). (Emphasis supplied.)

The question of location of the vaporizer being a question of negligence should have been left to the jury, rather than decided by the court. A hospital "by its very nature, holds itself out as competent, through its employees, to care for the sick and injured with more knowledge and skill than that ordi-

narily required by others." *Hospital Authority v. Adams,* 110 Ga. App. 848, 853 (140 SE2d 139). The jury should have been permitted to determine whether or not this skill and knowledge was exercised in this particuar set of circumstances.

*Judgment reversed in Appeal No. 43289. Judgment affirmed in Appeal No. 43290. Felton, C. J., Bell, P. J., Jordan, P. J., Eberhardt, Deen and Whitman, JJ., concur. Pannell and Quillian, JJ., dissent.*

QUILLIAN, Judge, dissenting. The petition alleged that the defendant "through its agents, servants and employees, was negligent in that said vaporizer was carelessly and wrongfully placed next to plaintiff's bed; that the hot water was allowed to accumulate on plaintiff's bed, causing her to burn her hand and lose her balance and fall over the vaporizer which had been negligently and carelessly placed in close proximity to plaintiff's bed by the defendant's agents, servants and employees."

The plaintiff's entire testimony as to what caused her to fall was as follows: "Well, I got up to go to the bathroom and when I came back I started to get in the bed. And I put my hand on the side of the bed and it was hot and it burnt my hand and that caused me to fall." There was no other evidence which was sufficient to support the allegation of the petition that the defendant was negligent in allowing hot water to accumulate on the plaintiff's bed. There being no evidence of this vital controlling link in the chain of events necessary to make out the plaintiff's case, in the writer's opinion the trial judge's direction of a verdict was proper. *Walker v. Vale Royal Mfg. Co.,* 75 Ga. 29 (1); *Barron v. Evans,* 115 Ga. App. 73 (153 SE2d 577).

I am authorized to state that Judge Pannell concurs in this dissent.