### 59918. MOORE et al. v. CARRINGTON et al.

BANKE, Judge.

This is a medical malpractice action against a physician and a private hospital for their alleged negligence in failing to prevent the onset of severe brain damage in a 5-month old infant who lapsed into a coma and shock for reasons which are not clear. The gist of the complaint for purposes of this appeal is that the infant's physician, along with the hospital personnel who assisted him in treating the child, wasted valuable time performing a diagnostic procedure when they should have been performing resuscitory procedures to insure the flow of oxygen and nutrients to the brain. The trial court directed a verdict in favor of the hospital, and the jury returned a verdict in favor of the physician. The appeal is from the denial of the plaintiffs' motion for new trial. *Held:*

1. We find no evidence of negligence on the part of the hospital or any of its employees and thus affirm the direction of the verdict in the hospital's favor.

The plaintiffs concede that the attending physician in this case was an independent contractor rather than an employee of the hospital, and they do not allege that the hospital was negligent in having him on its staff or that it undertook to direct him in his treatment of the patient. Accordingly, the hospital cannot be held liable for his alleged negligence. See *Georgia Osteopathic Hosp., Inc. v. Hollingsworth,* 242 Ga. 522 (250 SE2d 433) (1978); *Clary v. Hospital Auth. of the City of Marietta,* 106 Ga. App. 134 (1) (126 SE2d 470) (1962).

We similarly find no basis for holding the hospital liable for the alleged negligence of the nurse who assisted the physician in the emergency room. "A non-charitable hospital is liable for the negligence of its nurses, orderlies and other employees, in the performance of mere administrative or clerical duties which, though constituting a part of the patient's prescribed medical treatment do

not require the application of specialized technique or the understanding of a skilled physician or surgeon and which duties are not performed under the direct supervision of the attending physician." *Porter v. Patterson,* 107 Ga. App. 64 (1) (a) (129 SE2d 70) (1962). See also *Su v. Perkins,* 133 Ga. App. 474 (211 SE2d 421) (1974); *Miller v. Atkins,* 142 Ga. App. 618 (236 SE2d 838) (1977). If the nurse in question made any errors, they were clearly errors of judgment relating to medical diagnosis and treatment rather than errors of an administrative or clerical nature. Furthermore, the parties stipulated at trial that whatever was done at the hospital was done under the physician's direction and control. There is no evidence that the nurse or any other hospital employee ever questioned his authority or acted beyond it.

Finally, there is no evidentiary basis for a conclusion that the hospital's staff or equipment was inadequate to deal with the emergency.

2. The evidence introduced by the plaintiffs did not demand a finding that the physician was negligent or that, if he was, his negligence was the proximate cause of the child's injuries. "The decision in this case depended ultimately upon the evaluation of expert medical opinions. This was a matter for determination by the jury and not by the court as a matter of law. *Williams v. Melton,* 120 Ga. App. 466 (171 SE2d 318) (1969). The jury's decision was adverse to the plaintiffs. Accordingly, the trial court did not err in denying the amended motion for new trial." *Kenney v. Piedmont Hospital,* 136 Ga. App. 660, 667 (9) (222 SE2d 162) (1975).

3. The plaintiffs contend in their brief that several charges given to the jury at the request of the defendant physician were erroneous. However, none of these charges are specifically enumerated as error, nor are they referenced by a citation to the record or transcript as required by Rule 15 (c) (3) (Code Ann. § 24-3615 (c) (3)). Furthermore, an examination of the transcript reveals that no grounds were offered in support of the objections as required by Code Ann. § 70-207. "The mere objection to the giving of a numbered request to charge without stating any grounds therefor is not a compliance with this section, for which reason the instruction[s] will not be subjected to a more detailed analysis." *MacDougald Const. Co. v. State Hwy. Dept.,* 125 Ga. App. 591, 595 (188 SE2d 405) (1972).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED MAY 8, 1980 — DECIDED JUNE 11, 1980 —
REHEARING DENIED JUNE 18, 1980 — 

*Robert John White,* for appellants.
*Sidney F. Wheeler,* for appellees.