A91A2185. DEESE et al. v. CARROLL CITY COUNTY
HOSPITAL et al.
(416 SE2d 127)

BIRDSONG, Presiding Judge.

This is an appeal of the superior court's order denying appellant's motion for new trial. Appellant Magdalene Deese filed suit against appellee Carroll City County Hospital d/b/a Tanner Medical Center (the hospital) and nurse Elsie Addison alleging negligence in the site selection and administration of an intravenous device; appellant Dewey Deese filed suit for loss of consortium. The suits were consolidated for trial, and a jury rendered a verdict in favor of both defendants from which appellants/plaintiffs have appealed. *Held*:

1. Appellants assert the trial court erred in giving defendant's charge no. 7, which charged the jury as follows: "A hospital acting through its nurses or other employees is not required to exercise or apply the specialized technique or understanding of a skilled physician or surgeon in the care and treatment of a patient." Appellants argue that this charge is an incorrect statement of law land was not adjusted to the facts of the case.

The charge is not per se incorrect. A hospital "is not required to exercise medical skill." *Hospital Auth. &c. v. Adams*, 110 Ga. App. 848, 853 (140 SE2d 139); see also *Richmond County &c. Hosp. v. Dickerson*, 182 Ga. App. 601, 604 (3) (356 SE2d 548); *Moore v. Carrington*, 155 Ga. App. 12 (1) (270 SE2d 222); *Su v. Perkins*, 133 Ga. App. 474, 480-481 (2) (211 SE2d 421) (pain killer injection administered to patient's buttocks by nurse); *Porter v. Patterson*, 107 Ga. App. 64, 71-72 (1) (129 SE2d 70). The charge in question stated an abstractly correct principle of law, which on its face was at least marginally adjusted to this case; the charge is not to be deemed erroneous because it failed to embrace instructions regarding some other case theory. *Adams*, supra at 849 (2) and (3).

We do not find suasive appellants' argument that the questioned charge misled the jury as to the proper standard to be employed as to

nurses. The trial court also instructed the jury as to the standard of care of both a hospital and a nurse. The standard of care attributed to nurses was "that reasonable degree of care and skill ordinarily exercised by members of the nursing profession generally under conditions and similar and surrounding circumstances." This standard of care is the *correct* standard to be employed by nurses when giving intravenous injections and shots (OCGA § 51-1-27), and *no higher* standard is required. "In general, nurses are expected to perform only those tasks for which they are trained or which they are authorized by law to do." 14A EGL, Hospitals, § 8 (1988 rev.). We know of no law prohibiting nurses from giving such intravenous injections, therefore when such services are performed, the standard of care which should be imposed is the same as in regard to other authorized nursing activities. Thus, the charge as to the standard of nurses was a correct statement of law (OCGA § 51-1-27). As the jury therefore was instructed adequately in this separate charge as to the standard of care required of nurses, we fail to see how the contested charge would have misled the jury as to that standard. Further, no objection or exception was taken to this separate charge regarding the standard of care required of nurses, and appellant's sole exception taken after the jury was charged was to the giving of defendant's charge no. 7.

Additionally, the jury was instructed in separate charges as to the standard of care of and the duty owed by a hospital to its patients. Likewise, no exception was taken to these particular charges, and although the charges could have been more finely adjusted, they adequately informed the jury as to the standard of care owed to patients by the hospital. See, e.g., *Johnson v. Parnes*, 163 Ga. App. 404, 405 (294 SE2d 624); *Doctors Hosp. &c. v. Poole*, 144 Ga. App. 184 (1) (A) (241 SE2d 2); *Clark v. Piedmont Hosp.*, 117 Ga. App. 875, 877 (3) (162 SE2d 468); *Hospital Auth. &c. St. Marys v. Eason*, 113 Ga. App. 401, 403-404 (1) (148 SE2d 499); see generally 14A EGL Hospitals, §§ 8-15 (1988 rev.) (a hospital is *not* an insurer of patient safety and negligence chargeable to the institution must be proven; as a general rule, a private hospital is under a duty to exercise such *reasonable care* in looking after and protecting patients as the patient's condition, as known to the hospital through its agents and servants charged with the duty of looking after and supervising the patient may require, and a private non-charitable hospital is liable for the negligence of its nurses, orderlies, and other hospital employees in the performance of acts requiring less than medical skill and judgment); 40 AmJur2d, Hospitals & Asylums, § 26; but compare *Adams*, supra at 852-853.

Jury instructions must be read and considered as a whole in determining whether a particular charge contains error. *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177). Examining the charges in toto,

we find there exists no fair risk the jury was misled by the contested charge. Appellants' contentions in support of this enumeration of error are without merit.

2. Appellant asserts the trial court erred in granting the motion in limine so as to preclude admissibility of the evidence of payment of lost wages by appellees to appellant.

OCGA § 24-3-37 pertinently provides that admissions or propositions made with a view to a compromise are not proper evidence.

The record reflects that certain partial payments of medical expenses and lost wages were made and accepted by appellant. Appellant contests that the payments were tendered and accepted with a view toward compromise and asserts the evidence in question merely constituted admissions of liability. In support of this contention, appellant testified, in response to a question as to the purpose of the tendered check, that her disability entitlements had expired, and when the investigator called, appellant told her that she was very upset because they could not have Christmas for the children because her disability check had run out, the investigator made certain calculations taking into account the weeks not covered by prior disability payments and sent appellant a check for that amount.

Evidence of activity constituting a voluntary offer of assistance made on the impulse of benevolence or sympathy should be encouraged and should not be considered as an admission of liability. *Rosequist v. Pratt*, 201 Ga. App. 45 (410 SE2d 316); compare *Utz v. Powell*, 160 Ga. App. 888, 890 (2) (288 SE2d 601); *Rhodes v. B. C. Moore &c.*, 153 Ga. App. 106 (264 SE2d 500). We find that the precedent of *Rosequist*, supra, is controlling in this case.

Admissibility of evidence rests in the sound discretion of the trial court. *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573, 575 (2) (377 SE2d 15). Based on the posture of the record, we are not satisfied that an abuse of such discretion has been shown. Appellant has failed to establish this enumerated error affirmatively by the record. See *Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga. App. 829, 830 (386 SE2d 709).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 18, 1992 —
RECONSIDERATION DENIED MARCH 3, 1992 —

*Word & Flinn, Gerald P. Word*, for appellants.
*Webb, Carlock, Copeland, Semler & Stair, Patricia M. Anagnostakis, Daniel J. Huff, Allen & Peters, Dennis A. Elisco*, for appellees.