## A01A2240. HOSPITAL CORPORATION OF LANIER, INC. v. DOSTER et al.
### (561 SE2d 846)

MILLER, Judge.

Hospital Corporation of Lanier, Inc. admitted to giving E. B. Wallis an overdose of the drug Demerol during his visit to its hospital. A jury trial to determine causation and damages resulted in a verdict of $863,180 for Wallis.[1] On appeal Lanier complains of evidentiary rulings allowing in evidence of its financial condition, evidence of settlement negotiations, and cumulative evidence of liability. We find that no evidence of the corporation's financial condition or of settlement negotiations was admitted at trial. We further find that the court did not abuse its discretion in allowing a limited amount of evidence of liability to be considered by the jury, as such helped show causation. Accordingly, we affirm.

An appellate court is required to construe the evidence in favor of the verdict. Under this standard of review, the evidence shows that a Lanier nurse mistakenly gave Wallis nine times the amount of Demerol prescribed by the treating physician, which caused Wallis immediately to experience respiratory arrest. As a result, Wallis suffered permanent brain damage. Wallis's daughters met with Lanier's CEO to inquire into the accident and to seek financial assistance to help care for their debilitated father. The CEO advised them to obtain legal counsel.

Wallis sued Lanier to recover damages, and Lanier eventually admitted liability for the overdose, but contested causation and damages. Lanier moved in limine to exclude evidence of its parent corporation's financial condition and to exclude cumulative evidence of liability. The court granted the first motion, which was unopposed, but reserved ruling on the second motion, explaining that some evidence of liability would be needed to address the causation issue. The court also cautioned the parties not to bring in evidence of any settlement negotiations.

At trial evidence came in that Lanier was a "for-profit" corporation, that Lanier's CEO advised the daughters to seek legal counsel, and that Lanier's conduct fell below the standard of care. During closing argument, Lanier asked the jury to award Wallis the cost of providing him a sitter for the remainder of his life. The jury awarded $863,180.

Lanier's three enumerations of error all focus on the admission of certain items of evidence. "Admissibility of evidence rests in the

---

[1] Pending the appeal, Wallis died, and the co-executors of his estate were substituted as party-appellees.

sound discretion of the trial court."[2] We discern no abuse of discretion by the trial court.

1. Lanier contends that the court erred in allowing Wallis to reference Lanier's size and profitability. This complaint is belied by the record, as the statements actually made pertained to other matters.

Lanier first complains about the remarks in Wallis's opening statement that the twice-removed parent of Lanier (Columbia/HCA) was the largest health care corporation in the world and that Lanier and its parents were "for-profit" corporations. There are at least three problems with Lanier's complaint. First, in its motion in limine and attendant argument, Lanier did not seek to exclude references to Columbia/HCA's size but only to its financial condition (such as net revenues and net worth), even though Wallis forewarned that he intended to reference the size for purposes of identification. Second, Lanier raised no objection when the remarks were made, thus waiving the issue for appeal.[3] Third, the only evidence at trial on these matters was that as part of its corporate name Lanier accurately included in parentheses that it was a "for-profit" corporation, to which evidence Lanier posed no objection.[4] There was no evidence of Lanier's (let alone Columbia/HCA's) size or its financial condition, such as net revenues, net worth, or even whether Lanier made a profit at all. Wallis's closing argument that Lanier could have paid a $1,000 per hour medical expert to examine Wallis in a futile attempt to find evidence of no damages was not a comment on Lanier's financial condition, as the argument in context focused on the futility of such a ploy, not on Lanier's finances.

Lanier's arguments were therefore either waived or are unsupported by the record. In any case, we fail to discern any abuse of discretion by the trial court.

2. Lanier argues that evidence of settlement negotiations came in when Wallis queried its CEO regarding his conversations with Wallis's daughters, in which he advised them to obtain legal counsel. Such evidence does not constitute admissions or propositions made with a view to a compromise.[5] No evidence showed that Lanier engaged in any efforts to compromise in these discussions.[6]

Even assuming such were settlement discussions, and noting

---

[2] (Citation omitted.) *Deese v. Carroll City County Hosp.*, 203 Ga. App. 148, 150 (2) (416 SE2d 127) (1992).

[3] See *Burgeson v. State*, 267 Ga. 102, 107 (4) (475 SE2d 580) (1996).

[4] See *Witty v. McNeal Agency*, 239 Ga. App. 554, 556 (1) (b) (521 SE2d 619) (1999) (failure to contemporaneously object to evidence waives issue).

[5] See OCGA § 24-3-37; *Graves v. Graves*, 252 Ga. 27, 28-29 (1) (310 SE2d 901) (1984) ("vague and unfocused" discussions do not fall within the protection of OCGA § 24-3-37).

[6] *Ostroff v. Coyner*, 187 Ga. App. 109, 116-117 (5) (369 SE2d 298) (1988) (where evidence does not show any effort to compromise, OCGA § 24-3-37 affords no protection).

that Wallis's counsel alleged during his opening statement that the CEO had made admissions of liability during the discussions with the daughters, we hold that the admission of such evidence was harmless error where Lanier freely stipulated and in fact argued to the jury that it was liable for the overdose and any consequent damages. Referencing concessions of liability in settlement discussions cannot be harmful where the defendant concedes liability at trial.

Lanier also complains that the court erred in allowing Wallis to question the CEO regarding phone calls to his home office about compromising Wallis's claim. The record indicates otherwise, as the court *sustained* Lanier's objection to this line of inquiry. Again, such would have been harmless anyway in light of the stipulation of liability.

With regard to the second enumeration of error, we discern no abuse of discretion by the trial court.[7]

3. Focusing on its admission of liability, Lanier in its third enumeration argues that the trial court erred in allowing Wallis to present evidence of negligence, as such cumulative evidence was prejudicial. Lanier fails to specify, however, how it was prejudiced. Moreover, whether the probative value of evidence is outweighed by its tendency to unduly prejudice the jury is a matter left to the sound discretion of the trial court.[8] Thus, a trial court's decision to admit cumulative testimony is subject to an "abuse of discretion" standard of review.[9] Having reviewed the trial testimony, which contains relatively few references to negligence, we discern no manifest abuse of that discretion here, particularly where the negligence testimony helped establish a foundation to show causation.[10]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED MARCH 8, 2002.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Johnathan T. Krawcheck, Christopher H. Smith*, for appellant.

*Whitmer & Law, James H. Whitmer, George H. Law III*, for appellees.

---

[7] See *Deese*, supra, 203 Ga. App. at 150 (2).

[8] *Carroll v. State*, 261 Ga. 553, 554 (2) (408 SE2d 412) (1991).

[9] *Lucas v. State*, 234 Ga. App. 534, 537 (2) (507 SE2d 253) (1998); accord *Reeb v. Daniels Lincoln-Mercury Co.*, 193 Ga. App. 817, 820 (3) (389 SE2d 367) (1989).

[10] Cf. *Southeastern Security Ins. Co. v. Hotle*, 222 Ga. App. 161, 163-164 (1) (d) (473 SE2d 256) (1996).