22672. EMORY UNIVERSITY *v.* SHADBURN.

STEPHENS, J. 1. A private hospital in which patients are placed for treatment by their physicians, and which undertakes to care for the patients and supervise and look after them, is under the duty to exercise such reasonable care in looking after and protecting a patient as the patient's condition, which is known to the hospital through its agents and servants charged with the duty of looking after and supervising the patient, may require. This duty extends to safeguarding and protecting the patient from any known or reasonably apprehended danger from himself which may be due to his mental incapacity, and to use ordinary and reasonable care to prevent it. 30 C. J. 467, 470; Phillips *v.* St. Louis &c. Railroad Co., 211 Mo. 419 (5) (111 S. W. 109, 17 L. R. A. (N. S.) 1167, 124 Am. St. R. 786).

2. Where the patient, while in the care of a private hospital, becomes delirious, and this condition is known to the hospital, through its agents and servants whose duty it is to care for and look after the patient, and is manifested to them by the patient's talking at random, being nervous, stating that some one in the hall is talking about her and calling her bad names, screaming for members of her family, raising up and endeavoring to hit a nurse with a water-tray, endeavoring to get out of bed, saying that the hospital people are plotting against her, and that she is innocent, that those about her had given her poison but she did not take it, yelling that the nurse and the interne were trying to murder her, all of which conduct on the part of the patient is known to the agents and servants of the hospital charged with the duty of looking after and supervising the patient, the inference is authorized that the hospital authorities in charge of the patient and having knowledge of these facts should, in the exercise of due care, anticipate that the patient, should the opportunity be presented, would endeavor to leave the hospital by some means, as by jumping out of a window. Where the hospital authorities, with such knowledge, neglect and fail to guard the patient and safeguard her against harm to herself, by failing to have a nurse on guard and in constant attendance on the patient, and where by reason of such failure the patient leaves her bed and jumps out of a window and suffers physical injuries, an inference is authorized that the

hospital is guilty of a negligent failure to exercise the duty owing to the patient, and is liable to the patient in damages therefor.

3. Where an application in behalf of the patient is made to the hospital to furnish to the patient a special nurse, and a special nurse is selected and procured by the hospital and placed in charge of the patient, and, though the services of the nurse may be specially charged for by the hospital and paid for by the patient, where the hospital itself is paid for the services of the nurse, and the hospital afterwards settles with the nurse, the inference is authorized that the special nurse is the agent of the hospital to care for and look after the patient, and where the injuries received by the patient in jumping out of the window of the hospital under the conditions referred to are caused from any negligence of the nurse in leaving the patient alone, such negligence is .imputable to the hospital.

4. Where it is the duty of the hospital to afford to a delirious patient the protection indicated, this duty is owing to the patient, notwithstanding a special nurse employed for and in behalf of the patient to nurse and look after the patient is not the agent of the hospital but is the agent of the patient. Where the special nurse goes off duty and goes out of the room and leaves the patient alone and unprotected, it is nevertheless the duty of the hospital to exercise due care to afford to the patient the protection required, and where the hospital, with knowledge of the patient's condition as indicated, fails to exercise ordinary care to furnish to the patient the protection due in the absence of the nurse, the hospital has violated its duty to the patient and is liable for damages to the plaintiff proximately resulting from the violation of this duty.

5. Upon the trial of the case of such a patient against the hospital to recover damages alleged to have been sustained by the patient as a result of the negligence of the defendant in permitting the patient to jump out of a window of the hospital while the patient was in a delirious condition, the evidence adduced, upon an application of the above rulings, authorized the inference that the special nurse in charge of the patient was the agent of the hospital, and that the injuries sustained by the plaintiff were proximately caused by the negligence of the defendant through the negligence of its agent the special nurse, and also through the negligence of other agents and employees of the hospital.

6. The grounds of the motion for a new trial which assigned error upon the assumption that the uncontradicted evidence shows as a matter of law that the special nurse was not the agent of the defendant, but was the agent of the plaintiff, are without merit.

7. The evidence authorized the inference that the special nurse was an agent of the defendant, and that she and other employees of the hospital were the hospital's authorized agents to keep the chart, and that they kept the chart in the discharge of their duties, and that the chart kept by them showed the condition of the patient the night before the accident, and showed the statements made by her during her delirium. The chart, therefore, was admissible in evidence as containing declarations by the defendant, and as showing the defendant's knowledge of the patient's condition.

8. The petition not only alleges that the injuries alleged to have been re-

ceived by the plaintiff were caused by the negligence of the defendant through its alleged agent the special nurse, but also alleges that the defendant was negligent in not protecting the plaintiff "and in not giving her the care and attention to which she was entitled and which her condition demanded." Therefore, assuming that the special nurse was not the agent of the defendant, a recovery for the plaintiff, predicated on the negligence of the defendant in failing through its other agents and servants to give her the protection required, is legally authorized.

9. The admission in evidence of certain hearsay testimony as to when the special nurse, who the evidence shows was the night nurse, went off duty in the morning that the plaintiff was injured, and as to the nature of the plaintiff's injuries, was harmless, since the facts testified to by hearsay appeared in evidence from the direct testimony of the other witnesses as to the nature of the plaintiff's injuries and when the night nurses went off duty.

10. Where the court charged the jury that the plaintiff would be entitled to recover on conditions named in the charge, unless the plaintiff was barred by her own conduct, the court stated a correct and complete proposition of law in stating that the plaintiff could not recover if barred by her own conduct; and the charge was not error in that it did not contain an instruction to the jury that the plaintiff could not recover if her negligence or the negligence of her agents was greater or equal to the negligence of the defendant, or what negligence of the plaintiff would bar a recovery.

11. An exception to a charge of the court that the court, after giving in charge to the jury "a part of" the code section (5732) "as to how the preponderance of evidence is determined," failed to charge the jury another part of this code section, which provides that "the jury may also consider the number of witnesses, though the preponderance is not necessarily with the greater number," is insufficient in that it does not show what the court charged, and therefore presents no question for determination.

12. The evidence presents no issue as to whether the plaintiff could by the exercise of due care have avoided the consequences of any negligence of the defendant.

13. The evidence, including that as to the character and nature of the plaintiff's injuries alleged to have been sustained as a result of the alleged negligence of the defendant, authorized the verdict for the plaintiff. No error appears in the charge of the court or in the court's failure to charge, or in rulings upon the admission or rejection of testimony, or otherwise as insisted upon in the defendant's motion for a new trial.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 29, 1933.

*Bryan, Middlebrooks & Carter, B. Hugh Burgess,* for plaintiff in error. *Walter E. Daley, W. J. Daley, Candler & Weekes,* contra.