31309. THRASH *v.* LAGRANGE COACH COMPANY.

DECIDED JULY 10, 1946.

*Wyatt & Morgan, P. T. Hipp,* for plaintiff.

*Lovejoy & Mayer,* for defendant.

FELTON, J. F. R. Thrash sued LaGrange Coach Company to recover damages for its alleged negligence in permitting one of its busses to catch fire, and in placing it in the public street where it rolled down an incline and injured the plaintiff's automobile. The court granted a nonsuit and the plaintiff excepted.

There was no demurrer to the petition, which alleged: "4. That about 10 o'clock of said night of August 7, 1944, one of defendant's busses came into defendant's said place of business to be filled with gasoline and to be serviced by defendant for further use in hauling passengers that night, and defendant through its agents or employees overfilled the gas tank of said bus, running it over, and permitted or allowed the overflowed gasoline to catch fire, thereby causing the said bus to burn, and while said bus was in a burning blaze of fire they, the said defendant's agents and employees, did push said burning bus out of their said place of business and down the said Main Street, and said burning bus was either pushed or ran into plaintiff's said automobile, causing injury and damages to plaintiff's automobile as is set out below. . . 7. That all of said damages to plaintiff's said automobile was caused by defendant's said bus being pushed into the street and turned

loose with no one in it to steer it and it being on fire, and by reason of said burning loose bus hitting plaintiff's auto in the rear or back and knocking the same against the curb, building, and post beyond the said street. . . 9. That defendant was negligent in that defendant, through its agent and employees, did overfill and run over the gasoline in putting same in said bus, and did then permit the said gasoline to catch fire, after which time defendant's said agents or employees did push said burning bus into the said public street and turn the same loose so that same could and did damage plaintiff's said auto as herein alleged, and that all of said acts of defendant through its said agents and employees was the sole cause of said damages to plaintiff's said automobile and caused by its negligence."

The shop foreman of the defendant testified: "I was shop foreman for LaGrange Coach Company at their station in LaGrange on August 7, 1944, when the bus that damaged Thrash's automobile caught fire. I filled that bus tank with gasoline that night. When I put gas in it it was the early part of the night. The bus came in the station for gasoline. The bus backed into the station with the back end of the bus inside the station to reach the gas, and I filled it up and ran the gas tank over with gasoline. The tank was in the back of the bus and it was filled up the same way you fill up an automobile tank. The neck of the gas tank comes down through the back of the bus and forms a joint in the neck and some of the neck come in through the bus and this joint was loose and some of the gas ran into the bus. Some of the gas that was spilled went on the cement floor and some of it ran into the bus. The driver of the bus was there and several other people. The driver came in to get gas and make a trip to Dunson Mill. When I tanked it up with gas and the driver got back in the bus and I turned toward the back of the building to talk with Mr. Kin, the manager, and when I got in the middle of the garage I heard something blaze up, and I looked around and the whole back of the bus was blazing up. The driver got out of the bus, all of the passengers got out and the manager told them to get the bus into the street and he drove it into the street and got out and we fought fire. The whole thing was burning up." The chief of the fire department of LaGrange testified: that the bus was on fire when he got to the scene after a call; that the bus rolled away at an angle down Main Street,

south, and hit the back of an automobile, pushing it against a building; that the bus was in the center of the street standing still seven or eight minutes and "a little sloping-down grade," and that he would say that the brakes were set on the bus and there was no block under the wheels that he saw; that the brake bands were burned off and let the bus loose by releasing the brakes and the bus moved off; that, if he had been successful in putting out the fire before the brakes were burned, the bus would have remained in the middle of the street; that they had trouble with the water hose and it took a little time getting the coupling fixed, during which time the fire was burning.

Whether or not there was sufficient evidence to authorize a jury to find that the fire was due to the negligence of the defendant, if the injury was caused otherwise by the defendant's negligence the plaintiff would be entitled to recover. The controlling question is whether there was an issue for the jury to say whether the defendant and its agents were negligent in not scotching the bus so that it would not roll down the incline in the street. Questions of negligence, proximate cause, etc., are always jury questions except in plain, indisputable cases. It does not seem to us that it would be proper to say in this case as a matter of law that the defendant was not negligent in not scotching the bus. The fact that the agents of the city might have been negligent also would not relieve the defendant from liability if the jury found that the defendant was negligent.

The contention that the causal connection between the alleged negligence of the defendant in permitting the bus to catch fire was broken by the act of someone who deliberately set fire to the bus to see it burn is without merit. There is no such legal evidence in the record. There is a statement by the fire chief that he learned through the police department that some boy had struck a match and set the bus on fire just to see it burn. This is hearsay, pure and simple, and has no probative value whatever.

The court erred in awarding a nonsuit.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*