## 33557. CRAWFORD W. LONG MEMORIAL HOSPITAL *v.* HARDEMAN.

DECIDED JUNE 22, 1951. REHEARING DENIED JULY 12, 1951.

*Haas & Hurt, Rex T. Reeves, Charles D. Hurt,* for plaintiff in error.

*James A. Branch, Jeptha C. Tanksley, Thomas B. Branch Jr.,* contra.

SUTTON, C. J.   Mrs. Alice Hardeman brought an action for damages against the Crawford W. Long Memorial Hospital, a corporation, and in her petition as amended alleged in substance the following:   The defendant owns and operates a hospital in the City of Atlanta and furnishes rooms and nursing services for its patients.   The plaintiff became a patient in the defendant's hospital on May 4, 1948.   Her husband agreed to pay $80.50 per week for a private room and bath for her, together with the usual services and attention of the nurses employed by the hospital.   The plaintiff was then suffering from anemia and general weakness to such an extent that she required blood transfusions.   Her condition was such that she was unable to look after and care for herself, but required attention and nursing.   On May 17, 1948, while the plaintiff was still in her weakened condition, she suffered certain injuries as the result of the defendant's negligence.   She was then 61 years of age. The day before the plaintiff was injured, the floor of her room and bathroom was mopped by one of the defendant's employees with a slippery, soapy, cleaning compound.   The mopping was done negligently, in that an excess amount of soapy cleaning compound was used and was not completely removed from the floor of the plaintiff's bathroom, so that a thin, invisible skim of said soapy substance was allowed to remain on the floor, rendering the same slick, slippery, and dangerous.   On the morning that the plaintiff was injured, and prior thereto, nurses and orderlies, employed by the defendant in its business and engaged in the scope of their duties, went into the plaintiff's private bathroom to obtain water and to empty vessels containing water and in doing so negligently spilled a few minute, infinitesimal drops of colorless, clear water on the floor of the bathroom which combined with the remains of the soapy cleaning compound to render the portions of the bathroom on which said minute drops of water were spilled to be slippery, slick, unsafe and dangerous.   These drops were not readily apparent on ordinary inspection, and the plaintiff did not see or know of their presence, but their presence was known, or in the exercise of ordinary care should have been known to the defendant because the defendant's nurses and orderlies spilled the drops of water.   Just before the plaintiff was injured, she was given an

enema by one of the defendant's nurses, and afterwards, while one of the defendant's nurses was in the plaintiff's room, as a result of said enema was forced to go to the bathroom to relieve herself. She told said nurse of her necessity, walked to the bathroom and stepped therein; her foot happened to land on one of the places on the floor where some of said drops of water had been spilled by the defendant's nurses and orderlies; she slipped and fell against the bathtub and the floor of the bathroom, receiving injuries which were set out in detail elsewhere in the petition. When the plaintiff attempted to go to the bathroom, she was seriously ill, in a weakened condition, and greatly concerned about her health. Her immediate thoughts were occupied by the urgency of her need to go to the bathroom caused by the administration of the enema, and the full effect of these handicaps and disturbances was not realized by the plaintiff, although her condition and need were well known to the nurse who was present in the plaintiff's room. This nurse, with full knowledge of the aforementioned facts, did not in any way assist or aid the plaintiff in her efforts to reach the bathroom, did not warn the plaintiff of the condition of the bathroom floor, and did not warn the plaintiff of the danger involved for one in the plaintiff's condition and circumstances to get out of bed and go to the bathroom.

The defendant's negligence was alleged to have been the proximate cause of the plaintiff's injury, and the acts of negligence were alleged to be as follows: (a) in using an excess amount of soapy cleaning compound and in not removing all of the cleaning compound from the floor of the plaintiff's bathroom; (b) in allowing the cleaning compound to remain upon the floor when the defendant knew, or in the exercise of ordinary care should have known, that the compound would make the bathroom floor slick and dangerous to walk upon; (c) in failing to warn the plaintiff of the invisible substance and the slick condition of the floor; (d) in spilling the few minute, infinitesimal drops of water on the floor of the bathroom, creating a dangerous, slippery condition; (e) in failing to warn the plaintiff that the floor of her bathroom was damp with water and therefore slippery and dangerous; (f) in failing to keep the private bathroom of a patient in a condition suitable for the

patient's use; (g) in failing to give the plaintiff the care and supervision that her condition required in that the nurse present in the plaintiff's room made no effort to guard against the plaintiff's falling and injuring herself; (h) in failing to give the plaintiff the care and supervision that her condition required in that the nurse in the plaintiff's room did not warn her of the danger involved when a person in the plaintiff's weakened physical condition and circumstances attempted to move about the hospital unassisted; and (i) in the failure of the nurse present in the plaintiff's room to protect the plaintiff in the emergency created by the urgency of the plaintiff's condition under the circumstances, in that the plaintiff had just been administered an enema and said nurse knew that under the necessity and urgency of the situation, and in view of the plaintiff's weakened condition, that it was not safe to allow the plaintiff to try to go to the bathroom unattended.

The petition was amended after the trial judge sustained the defendant's special demurrers thereto. The defendant then renewed its demurrers and filed additional demurrers, general and special, to the petition as amended. The trial judge overruled all of the demurrers to the amended petition, and to this judgment the defendant excepted. The defendant insists only on the questions raised by the overruling of its renewed general demurrer and its special demurrers to the specific allegations of negligence as contained in the amended petition. The general and special demurrers will be hereinafter referred to and dealt with in the opinion.

■ The petition alleged facts showing that a patient and hospital relationship existed between the parties. "A private hospital in which patients are placed for treatment by their physicians, and which undertakes to care for the patients and supervise and look after them, is under the duty to exercise such reasonable care in looking after and protecting a patient as the patient's condition, which is known to the hospital through its agents and servants charged with the duty of looking after and supervising the patient, may require." *Emory University* v. *Shadburn,* 47 *Ga. App.* 643 (171 S. E. 192) ; s. c., affirmed, 180 *Ga.* 595 (180 S. E. 137). See also, *Brawner* v. *Bussell,* 50 *Ga. App.* 840 (179 S. E. 228) ; *Stansfield* v. *Gardner,* 56 *Ga. App.*

634 (193 S. E. 375); *Tate* v. *McCall Hospital*, 57 *Ga. App.* 824 (196 S. E. 906); *Gardner* v. *Newnan Hospital*, 58 *Ga. App.* 104 (198 S. E. 122); *Lord* v. *Claxton*, 62 *Ga. App.* 526 (8 S. E. 2d, 657).

It was alleged that the plaintiff at the time of her injury was suffering from anemia and general weakness, requiring blood transfusions; that she was unable to care for herself; and that she was greatly concerned about her health. Furthermore, after an enema had been administered to the plaintiff by one of the defendant's nurses, the plaintiff had to go to the bathroom to relieve herself, and the urgency of her need to do so prevented her from realizing the danger of attempting to use her private bathroom in her condition. The allegations that the defendant's nurse administered the enema to the plaintiff and that the plaintiff had been in the hospital under the defendant's care for thirteen days in her same condition are sufficient to charge the defendant with knowledge of the plaintiff's condition, and thus to raise a jury question as to whether the defendant had breached its duty of exercising reasonable prudence in caring for the plaintiff.

These allegations of the plaintiff's condition also answer the defendant's contention that no reason is given why the plaintiff could not have observed the drops of water on the floor, which were alleged to be "not readily apparent." Even assuming that the petition shows that the defendant's alleged conduct in leaving a thin skim of cleaning compound and in spilling minute, infinitesimal drops of water on the bathroom floor was or should have been apparently dangerous to the plaintiff in the exercise of ordinary care for her own safety under ordinary circumstances, it is clear that the plaintiff was not acting under ordinary circumstances, but rather under circumstances such as might have impaired her judgment. *Pacetti* v. *Central of Ga. Ry. Co.*, 6 *Ga. App.* 97 (64 S. E. 302). As said in *Mayor &c. of Jackson*, 93 *Ga.* 662, 665 (20 S. E. 46), "The laws of nature governing human action cannot properly be entirely overlooked." Whether the plaintiff exercised the care which a prudent person in her condition and in the same or similar circumstances would exercise, and whether the plaintiff under the circumstances was so careless for her own safety as to lose her

right to recover for the negligence of the hospital, are questions for the jury, as the petition does not affirmatively show that the plaintiff could have avoided the consequences of the defendant's alleged negligence.

It is also contended by the defendant that the allegations of the petition show that, except for the slippery condition of the floor, the plaintiff would have been unharmed, and hence that there was no duty imposed upon the defendant through its nurse to accompany the plaintiff to the bathroom. But the allegations of the condition of the plaintiff and of the bathroom floor, together with the allegations of facts charging the defendant with knowlege of those conditions, are sufficient to raise a jury question as to whether the defendant was negligent under such circumstances and through the failure of its nurse to accompany the plaintiff to the bathroom, when the nurse was in the plaintiff's room and knew her situation and condition, and was informed by the plaintiff of her need to go to the bathroom.

The plaintiff's case is not only predicated on the alleged negligence of the defendant with respect to the condition of the bathroom floor, but is also based on the defendant's alleged negligence as to the care, supervision and protection given the plaintiff as a patient in the defendant's hospital. This case differs in this respect from the following cases cited and relied on by the plaintiff in error in its brief: *Lebby* v. *Atlanta Realty Corporation,* 25 *Ga. App.* 369 (103 S. E. 433); *Avary* v. *Anderson,* 31 *Ga. App.* 402 (120 S. E. 683); *Ford* v. *S. A. Lynch Corporation,* 79 *Ga. App.* 481 (54 S. E. 2d, 320); *Holman* v. *American Automobile Ins. Co.,* 201 *Ga.* 454 (39 S. E. 2d, 850); *Hogg* v. *First National Bank of West Point,* 82 *Ga. App.* 861 (62 S. E. 2d, 634); *Conaway* v. *McCrory Stores Corp.,* 82 *Ga. App.* 97 (60 S. E. 2d, 631). We have considered these cases and are of the opinion that they do not authorize or require a different ruling under the facts of the present case from the ruling here made. In other words, this case is distinguishable on its facts from the cases relied on by the plaintiff in error.

The petition set out a cause of action, and the trial judge did not err in overruling the defendant's general demurrer thereto.

■ The court did not err in overruling the defendant's special demurrers to the specific allegations of the defendant's negligence as set out in the petition, on the ground that said allegations were too vague, general and indefinite to be the basis of a recovery. The acts of negligence on the part of the defendant were set out in sufficient particularity in the petition to give the defendant notice of the plaintiff's charges and claim against it, and any conclusions pleaded are supported by the facts alleged. *Piedmont Hospital* v. *Anderson*, 65 *Ga. App.* 491 (16 S. E. 2d, 90); *Pacetti* v. *Central Ry. Co.*, 6 *Ga. App.* 97 (supra).

*Judgment affirmed. Felton and Worrill, JJ., concur.*