**JENKINS CLINIC HOSPITAL, INC.,**
Appellant,

v.

**Delia M. HOLLON, Appellee.**

Court of Appeals of Kentucky.

May 22, 1970.

E. R. Hays, Baird & Hays, Pikeville, Richard D. Cooper, Hazard, for appellant.

Harry M. Caudill, Emmett G. Fields, Whitesburg, for appellee.

REED, Judge.

The defendant-appellant, Jenkins Clinic Hospital, Inc., appeals from a judgment entered against it in favor of the plaintiff-appellee, Delia M. Hollon. The plaintiff was injured by a fall on the floor of the room she was occupying as a patient in the defendant hospital. She claimed the hospital was negligent in maintaining the floor in a slick and hazardous condition at the place where she fell. The jury awarded her $10,000 damages for personal injuries. The defendant urges that it was entitled to a directed verdict and that its motion for judgment n. o. v. should have been sustained. The defendant also moved for new trial in the event a judgment n. o. v. in its favor was denied; the basis for this motion was improper argument to the jury by plaintiff's counsel. We find that the defendant was entitled to a directed verdict and that its motion for judgment n. o. v. should have been sustained. It is, therefore, unnecessary to consider the ground concerning improper final argument to the jury. We reverse the judgment and direct that judgment be entered for the defendant.

Plaintiff entered the hospital on Monday for treatment of stomach ulcers. She was in good general health except for the stomach disorder that prompted her admission. She was assigned Room 17 which was a two-bed room; it was occupied by another patient. Each room for patients was equipped with a lavatory. The floors of the entire hospital are smooth concrete construction to comply with fireproof regulations applicable particularly to hospitals. Plaintiff's bed was about twelve feet from the entrance to the lavatory.

On Thursday afternoon after her admission, plaintiff observed an employee of the hospital clean and wax the floor of her room. She said the employee washed and mopped the floor; he then applied liquid wax to the floor and then mopped the wax on, permitting it to dry, after which he buffed the wax. The plaintiff said that the employee performed the job in an efficient and satisfactory manner. Upon completion of the task, the employee warned the plaintiff not to walk on the floor until the wax was dry. She made several trips later that evening to the lavatory without incident.

Early the next morning, Friday, plaintiff left her bed to go to the lavatory. She had almost reached the door to the lavatory when her left leg started to slide and thereupon she fell. She sustained a fractured hip. When she was asked what caused her to fall she said: "That floor was too slick. * * * It was real slick." She admitted that there was no spillage on the floor on Thursday afternoon or night and none on Friday morning; she also said that there was no foreign substance, accumulated wax or other debris on the floor at the time of the fall.

The defendant introduced the testimony of Dr. Musgrave, who owned and operated the hospital. He testified that the hospital was constructed in accordance with requirements necessary to secure an accreditation rating. The floors were waxed regularly with a so-called "nonskid" commercial floor wax. The wax was applied according to the specifications and procedure recommended by the manufacturer. He said the

floor was not unusually slippery and that the condition of the floor of plaintiff's room on Friday morning was the same as that of any other room in the hospital. No expert or opinion evidence was introduced by either plaintiff or defendant.

▮ It is generally recognized that it is not of itself negligence to wax a floor or to have a polished or waxed floor. 65 C.J.S. Negligence § 81(8), p. 998. The plaintiff's evidence in this case demonstrated only that the floor was waxed and buffed on an afternoon prior to her fall the next morning during the course of a trip she had made successfully several times after the waxing. It is necessary to maintain hospital floors in a clean and proper condition. This rule does not, however, supersede the duty of the hospital to maintain the premises in a reasonably safe condition nor does it preclude liability on the part of the hospital for the creation or maintenance of an unreasonably dangerous condition.

▮ The problem in the case before us is whether the plaintiff's evidence was sufficient to make a submissible case—an evidentiary showing from which a jury could permissibly infer negligence on the part of the hospital. While a submissible case in such circumstances may be established by either direct or circumstantial evidence, it is also true that a mere showing that the floor was waxed and polished and the plaintiff thereafter fell on that floor is insufficient. For example, in Cagle v. Bakersfield Medical Group, 110 Cal.App.2d 77, 241 P.2d 1013, cited by plaintiff, there was expert opinion testimony that the waxing operation therein involved had been improperly performed and thereby an unreasonably dangerous condition in the form of a slick spot where the injured party fell had been created—therefore, the jury was presented with evidence which, if believed, supported a finding of negligence.

There is an annotation entitled "Hospital's Liability to Patient or Prospective Patient Injured as Result of Physical Condition of Premises" which may be found in 16 A.L.R.3d pp. 1237–1242. Only two cases applicable to the instant case are cited. Both cases are from Georgia. In Crawford W. Long Memorial Hospital v. Hardeman, 84 Ga.App. 300, 66 S.E.2d 63 (1951) the plaintiff's pleading was held good against demurrer. The pleading alleged that while plaintiff was a patient in defendant hospital, the floor of her room and bathroom was mopped by one of the defendant's employees with a slippery compound which was not completely removed from the floor of the bathroom, that thereafter defendant's employee spilled a small amount of water on the bathroom floor, increasing the slippery condition, and when plaintiff went unattended to the bathroom to relieve herself, having been given an enema, she fell on the floor and was injured. That court held that a jury issue was presented not only predicated on the condition of the floor, but also negligence as to the care, supervision, and protection given the plaintiff as a patient. The element of care, supervision and protection is absent in the instant case. In the Hardeman case there was claimed evidence of an improper substance applied to the floor, careless performance in applying the substance, and enhancement of the hazard by a foreign substance. The proof in this case, without contradiction, negates the existence of any of the elements present in the Hardeman case. In Starr v. Emory University, 93 Ga.App. 864, 93 S.E.2d 399, (1956), the plaintiff, a patient in the defendant's hospital, had sufficiently recovered from illness to be in the course of being discharged. She slipped and fell on the floor between beds in the ward where the floor had been waxed and buffed to a slippery condition. Water had been spilled, making it more slippery, and the area was poorly lighted because of the shadows cast by furniture and a Christmas tree and because of the failure to have the ceiling

light burning. The court held that the questions of negligence of the defendant and contributory negligence of the plaintiff were jury issues. Again, the instant case presents none of the elements necessary to be present from which a permissible inference of negligence on the part of the defendant can be made.

■ Waxing of floors is a necessary and customary practice; it is not negligence per se; a party injured by falling on a waxed floor must go further and establish by competent proof some act of negligence, either in the initial waxing or in the method of cleaning. The rule was thus stated in a case involving the fall of a patient upon the floor of the reception room of a hospital in Springall v. Fredericksburg Hospital and Clinic, 225 S.W.2d 232, (Tex. Civ.App.1949).

■ The final summary of the whole matter may be briefly stated. It is simply this: The principle of res ipsa loquitur does not apply to the factual situation presented by the plaintiff's evidence. Cf. Cumberland College v. Gaines, Ky., 432 S. W.2d 650. In order to hold that the evidentiary showing made here presented a submissible jury issue as to the negligence of the defendant, application of the principle of res ipsa loquitur is required. The settled law is to the contrary. The defendant's motion for a directed verdict should have been sustained. The defendant was entitled, therefore, to judgment n. o. v.

The judgment is reversed with directions to enter judgment for the defendant.

EDWARD P. HILL, Jr., C. J., and MILLIKEN, OSBORNE, PALMORE and STEINFELD, JJ., concur.

NEIKIRK, J., not sitting.