## 54534. DOCTORS HOSPITAL OF AUGUSTA, INC. v. POOLE.

SHULMAN, Judge.

Plaintiff-appellee brought suit for injuries sustained in a fall while he was a patient in the defendant-appellant hospital. Upon trial of the case, the jury found in favor of plaintiff-appellee. This appeal follows.

1. The controlling issue on this appeal is whether under the evidence a jury could determine that the hospital, through its agents and servants, breached a duty to prevent injury to plaintiff-appellee.

A. "A private hospital is under the duty to exercise such reasonable care in looking after and protecting a patient as the patient's condition which is known to the hospital through its agents and servants charged with the duty of looking after and supervising the patient may require. This duty extends to safeguarding and protecting the patient from any known or reasonably apprehended danger from himself which may be due to his condition, and to use ordinary and reasonable care to prevent it. *Emory University v. Shadburn,* 47 Ga. App. 643 (171 SE 192). See also, *Tate v. McCall Hospital,* 57 Ga. App. 824 (196 SE 906); *Piedmont Hospital v. Anderson,* 65 Ga. App. 491 (3) (16 SE2d 90); *Stansfield v. Gardner,* 56 Ga. App. 634, 643 (193 SE 375)." *Hospital Authority of Hall County &c. v. Adams,* 110 Ga. App. 848, 852 (140 SE2d 139).

B. There was sufficient evidence to authorize a finding that appellee's admitting physician in a written order prescribed bed rest and restricted bathroom privileges, to require someone to accompany and assist appellee, that the hospital staff and administration was aware of this order, that appellee was not aware of this order, that contrary to the physician's directions a nurse employed by the hospital instructed appellee to use the bathroom without supervision and explained to appellee the procedure to use in collecting necessary specimens, that on the day of his fall appellee had been given a laxative by one of defendant's employees and was also in a weakened condition, and that appellee fell on his way to the bathroom. We hold that there was sufficient evidence

presented to authorize the verdict. See *Executive Committee of the Baptist Convention v. Ferguson,* 95 Ga. App. 393 (98 SE2d 50), revd. on other grounds, 213 Ga. 441 (2) (99 SE2d 150) (evidence sufficient to support finding that order of patient's physician, which was not followed, was binding on the hospital). Cf. *Hospital Authority of Hall County &c. v. Adams,* supra (jury question of whether attendants should have foreseen that patient, because of nausea, would attempt to go to bathroom and thereby sustain injuries because of drug-induced condition). See also 36 ALR3d 1235.

2. Appellant argues that the hospital violated no duty owed to plaintiff-appellee because the evidence shows that the appellee deliberately got out of bed to go to the toilet without notifying hospital personnel.

It is true, as appellant urges, that one who knowingly and voluntarily takes a risk of physical injuries cannot recover for injuries caused by one's own calculated and rational act. See *Misfeldt v. Hospital Authority of the City of Marietta,* 101 Ga. App. 579, 584 (115 SE2d 244); *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665 (1) (88 SE2d 6). However, we cannot hold as a matter of law that appellee assumed the risk of injury. "Whether the plaintiff exercised the care which a prudent person in her condition and in the same or similar circumstances would exercise, and whether the plaintiff under the circumstances was so careless for her own safety as to lose her right to recover for the negligence of the hospital, are questions for the jury. . ." *Crawford W. Long Memorial Hospital v. Hardeman,* 84 Ga. App. 300, 304 (66 SE2d 63) (cause of action exists for injuries sustained in fall going to bathroom; alleged negligence as to care, supervision, and protection; nurse informed by patient of need to use facilities failed to assist weak patient who had received enema). See also *Clark v. Piedmont Hospital,* 117 Ga. App. 875 (162 SE2d 468) (cannot be said as a matter of law that patient weak with vertigo and pneumonia assumed risk of tripping over vaporizer while returning from bathroom).

3. Appellant's enumeration of error based on the general grounds must fail. "The principles governing our consideration of this enumeration are stated in *Seabolt v. Cheesborough,* 127 Ga. App. 254, 260 (6) (193 SE2d 238).

They require us to hold the trial court did not err in denying [appellant] a new trial." *Hill v. Hospital Authority of Clarke County,* 137 Ga. App. 633, 643 (224 SE2d 739).

4. "There being sufficient evidence to authorize a verdict for the plaintiff based upon the negligence of the defendant hospital the trial court did not err in overruling the motion of the defendant for a judgment notwithstanding the verdict." *Hospital Authority of Hall County &c. v. Adams,* supra, p. 848 (1).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 16, 1977 — DECIDED OCTOBER 11, 1977 — REHEARING DENIED DECEMBER 1, 1977.

*Fulcher, Hagler, Harper & Reed, Gould B. Hagler,* for appellant.

*Roger W. Dunaway, Jr., Lanier, Powell, Cooper & Cooper, Jack L. Cooper,* for appellee.