## 60554. CHAPMAN v. ST. FRANCIS HOSPITAL, INC.

BANKE, Judge.

Plaintiff appeals the order of the trial court granting summary judgment to defendant, St. Francis Hospital, in an action to recover damages arising out of the death of her decedent from burns he suffered while a patient. The issue before us is whether under the evidence a jury could determine that the hospital through its agents and servants breached a duty to prevent the injury to decedent.

The evidence shows that the decedent, Earney Benefield, was 78 years old when admitted to the hospital. Although in dispute, there is also evidence to show that he suffered periods of disorientation and confusion; that he had previously burned holes in his gown while smoking; that instructions had been given to hospital staff personnel that Mr. Benefield was not to smoke unsupervised; that he was the sole occupant of the room where the fire occurred; and that when he was found with the bed clothes on fire, a lighted cigarette and match

were on the bed. *Held:*

" 'A private hospital is under the duty to exercise such reasonable care in looking after and protecting a patient as the patient's condition which is known to the hospital through its agents and servants charged with the duty of looking after and supervising the patient may require. This duty extends to safeguarding and protecting the patient from any known or reasonably apprehended danger from himself which may be due to his condition, and to use ordinary and reasonable care to prevent it. [Cits.]' " *Doctors Hosp. v. Poole,* 144 Ga. App. 184 (1) (241 SE2d 2) (1977). "On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party, and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence." *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973). Except in plain palpable, and indisputable cases, questions of negligence are solely for jury determination. See *Otto v. Hendry,* 132 Ga. App. 598 (208 SE2d 611) (1974). Unresolved questions of fact in this case are patent. The trial court erred in granting summary judgment.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

Argued September 4, 1980 — Decided October 3, 1980 —

*Ernest Kirk, II, W. Alexander Byars,* for appellant.
*Albert W. Stubbs,* for appellee.