64121. JOHNSON et al. v. PARNES et al.

CARLEY, Judge.

Appellants are the children of William Johnson, deceased. Appellees are the owners and operators of Springdale Convalescent Center (Springdale), a private facility in which Mr. Johnson was a paying patient. Appellants instituted the instant wrongful death action against appellees to recover for the death of their father. Appellants appeal from the grant of summary judgment to appellees.

The evidence, construed most strongly for appellants, demonstrates the following: Mr. Johnson was admitted to Springdale on December 2, 1976, and resided there until his death, four years later. Mr. Johnson, who was in his eighties, was originally admitted to Springdale after suffering a broken bone in an automobile crash. Apparently throughout his stay at Springdale, Mr. Johnson's physical health was relatively good. With regard to Mr. Johnson's mental condition, it was the opinion of Springdale's medical director, who examined Mr. Johnson approximately every thirty days, that he evidenced "only mild senile changes" which "did not effect [sic] his orientation as to person, place or situation nor his ability to independently function within the convalescent center in respect to caring for his own basic personal needs and socializing with other individuals." However, according to the nurse who apparently saw Mr. Johnson more frequently, "his mind, you know, would come and go just like that..." Also, with increasing frequency, Mr. Johnson was unable to recognize his daughter, who visited about once a week. On previous occasions, Mr. Johnson had wandered from Springdale and

had to be returned to the facility. On those occasions, Mr. Johnson would laugh and say to the employees, "I got away from you, didn't I?"

On the afternoon of March 24, 1980, Mr. Johnson walked toward the front entrance of the Springdale facility and told his nurse: "I don't care what you say. I'm going." At that time, his nurse successfully prevailed upon him to remain. The nurse last saw Mr. Johnson at "around" six o'clock that afternoon. At ten o'clock that evening, "somebody" reported to the nurse that Mr. Johnson was in the lounge. However, the latter evidence being hearsay, *Thrash v. LaGrange Coach Co.,* 74 Ga. App. 81, 83 (38 SE2d 814) (1946), there is no probative evidence which would establish Mr. Johnson's presence at Springdale after six o'clock. Although checks on Mr. Johnson were to be made every two hours, he was not reported as missing from the facility until 10:30 that evening. For the next several days, employees of Springdale made some unsuccessful efforts to locate Mr. Johnson in the neighborhood. Five days later, on March 29, 1980, Mr. Johnson's body was discovered in a wooded area some 200 feet from the Springdale facility. The exact cause of death is not established in the record before us.

" 'A private hospital is under the duty to exercise such reasonable care in looking after and protecting a patient as the patient's condition which is known to the hospital through its agents and servants charged with the duty of looking after and supervising the patient may require. This duty extends to safeguarding and protecting the patient from any known or reasonably apprehended danger from himself which may be due to his condition, and to use ordinary and reasonable care to prevent it. [Cits.]' [Cit.]" *Doctors Hospital v. Poole,* 144 Ga. App. 184 (1) (241 SE2d 2) (1977). "Except in plain[,] palpable, and indisputable cases, questions of negligence are solely for jury determination. [Cit.]" *Chapman v. St. Francis Hospital,* 156 Ga. App. 5, 6 (274 SE2d 62) (1980).

The construction of the evidence in the instant case most strongly for appellants would authorize a finding that appellees knew or should have known that Mr. Johnson, an elderly man whose mind would "come and go," had a propensity to wander from the facility and thus posed a danger to himself. See generally *Emory University v. Shadburn,* 47 Ga. App. 643 (2) (171 SE 192) (1933); *Adams v. Ricks,* 91 Ga. App. 494, 499 (2) (86 SE2d 329) (1955); *Hospital Authority v. Adams,* 110 Ga. App. 848 (140 SE2d 139) (1964). The evidence would also authorize a finding that appellees breached their duty to protect Mr. Johnson from this dangerous propensity and allowed him to wander away from the facility to his death. See *Tate v. McCall Hospital,* 57 Ga. App. 824 (196 SE 906) (1938); *Brawner v. Bussell,* 50

Ga. App. 840 (4) (179 SE 228) (1934). "Unresolved questions of fact in this case are patent. The trial court erred in granting summary judgment." *Chapman,* 156 Ga. App. at 6, supra.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED SEPTEMBER 9, 1982.

*Edward E. Augustine, William L. Hazelton,* for appellants.
*Wade K. Copeland, Diane Q. House,* for appellees.