### A01A2513. MELLIES v. DEARBORN et al.
(558 SE2d 460)

MILLER, Judge.

Having cared for their three-year-old grandson from birth, Kathy and Donald Dearborn successfully petitioned to adopt him on the grounds that his mother for over a year failed to provide for the child and that adoption was in the boy's best interest. We affirm, holding that evidence showing that the mother for over a year paid no money for the boy's support and that the Dearborns provided the loving care for the boy sustains the judgment.

Even though the birth mother may object, OCGA § 19-8-10 (b) (2) authorizes a court to grant an adoption petition if (i) the birth mother, for a period of one year or longer immediately prior to the filing of the adoption petition, has without justifiable cause significantly failed to provide for the care and support of the child as required by law, and (ii) the court finds that adoption is in the best interest of the child. Since the mother challenges the sufficiency of the evidence, we address both factors.

1. Regarding the first factor, evidence construed in favor of the judgment showed that upon the boy's birth, the mother brought him to the Dearborns for care and support, where she then also resided. The Dearborns provided the primary care for the child. After some months, the mother for a few weeks attempted to live elsewhere with the child, only to eventually bring him back to the Dearborns when she decided she could not handle him anymore. The mother continued living separately, visiting the boy a few times a week, and over the next three years she took the child overnight a total of five times. Even when she visited, the mother often asked the Dearborns to feed, change, and bathe the child. She never asked for custody of the child.

Over these three years the mother paid a total of $70 to the Dearborns for the support of the child. During the year immediately prior to the filing of the adoption petition, she paid nothing.

Even though no judicial decree required the mother to pay child support, by law she was required to provide for the maintenance, protection, and education of her child.[1] Failure to meet this support obligation for a year prior to the adoption petition authorizes the court to

---

[1] OCGA § 19-7-2; *Pacella v. Sanchez*, 191 Ga. App. 611, 612-613 (382 SE2d 371) (1989).

find that this first factor weighs in favor of adoption.[2] Indeed, evidence of *no* child support payments during that year, while the child is cared for by others, may provide a clear and convincing showing of the first factor.[3]

The mother contends that she offered money at times but was politely refused. Even assuming this to be true, we note that evidence showed this did not take place during the year just before the petition was filed. Moreover, despite these polite refusals, the mother was nevertheless obligated to support the child financially.[4]

Citing *Howell v. Gossett*[5] and *Rawdin v. Conner*,[6] the mother next argues that mere failure to provide support while the child is in the custody of another does not support a finding of abandonment. Abandonment, however, is not the issue. Rather, as provided in the adoption statute that was comprehensively changed since the two cited cases,[7] the issue is whether the parent without justification has failed to provide legally required support of the child during the year prior to the filing of the adoption petition.[8]

2. The second factor is whether the adoption is for the best interest of the child.[9] "If there is any evidence to support the trial court's finding that the adoption is in the child's best interest, such finding will be affirmed."[10] Indeed, in this area the court has "very broad discretion."[11]

Here ample evidence showed that adoption was in the boy's best interest. Since he could first talk, the boy has called the Dearborns "mama" and "daddy"; excepting a few weeks, the Dearborns have bathed, clothed, sheltered, fed, nurtured, loved, and cared for the boy since his birth more than three years ago; the boy is very happy in their care and becomes upset when the mother takes him away on visits; and he has become so bonded to the Dearborns that removing him from their home would seriously harm him. As evidence supported the court's finding regarding the child's best interest, we discern no abuse of discretion.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

---

[2] See *Pacella,* supra, 191 Ga. App. at 612-613.

[3] *Curde v. Matson,* 190 Ga. App. 782, 784 (2) (380 SE2d 71) (1989).

[4] See *Hix v. Patton,* 147 Ga. App. 14, 15 (248 SE2d 28) (1978).

[5] 234 Ga. 145, 147 (214 SE2d 882) (1975).

[6] 210 Ga. 508, 512 (3) (81 SE2d 461) (1954).

[7] See Ga. L. 1977, pp. 201, 211; Ga. L. 1990, pp. 1572, 1579, 1589-1590, § 5; compare former Code Ann. § 74-403 (2) (1974).

[8] OCGA § 19-8-10 (b) (2).

[9] OCGA § 19-8-10 (b).

[10] (Citations omitted.) *Bateman v. Futch,* 232 Ga. App. 271, 274 (2) (501 SE2d 615) (1998).

[11] (Citation and punctuation omitted.) Id.

DECIDED DECEMBER 26, 2001 —

*Adams, Ellard & Frankum, Jennifer L. Thacker,* for appellant.
*English, Tunkle & Smith, Richard D. Tunkle,* for appellees.