## A04A0196. MADISON et al. v. BARNETT et al.
(601 SE2d 704)

JOHNSON, Presiding Judge.

The paternal grandparents of W. M. appeal from the denial of their petition to adopt W. M. The grandparents argue that the evidence does not support the superior court's decision, that the court improperly considered a ruling in a prior deprivation case involving W. M. and both sets of grandparents, and that the trial court speculated that the appellants would not cooperate with the maternal grandparents on visitation matters if the adoption were granted. The arguments are without merit, so we affirm the decision of the trial court.

In an adoption case, the trial judge sits as both judge and jury and is vested with a broad range of legal discretion.[1] The purpose of the hearing upon the petition of adoption is to determine whether the adoption is in the best interest of the child.[2] Where each living parent of the child has surrendered his rights to the child, the court is to consider whether the adopting parents are capable of assuming responsibility for the child, whether the child is suitable for adoption in a private family home, and whether the adoption is in the best interest of the child.[3]

Construed in favor of the trial court's decision,[4] the evidence shows that Tracy Madison gave birth to W. M. in October 1999. The mother experienced complications related to the birth and died a few weeks later. The child's father, William Madison, Jr., took the child with him to reside at the home of his parents, William Madison, Sr. and Shirley Madison. In March 2001, the child's father went to prison, and custody of the child was divided between the Madisons and the maternal grandparents, James and Elaine Barnett. W. M.'s father relinquished his rights to the child in favor of his parents, the Madisons.

In June 2001, according to the order being appealed,[5] the juvenile court entered an order transferring primary physical custody of the child to the Barnetts, and allowing the Madisons to have regular

---

[1] *Albright v. Peterson,* 247 Ga. App. 203, 204 (2) (539 SE2d 919) (2000); *Matherly v. Kinney,* 227 Ga. App. 302 (1) (489 SE2d 89) (1997).

[2] *Albright,* supra.

[3] See OCGA § 19-8-18 (b); *Matherly,* supra.

[4] See *Matherly,* supra.

[5] The appellate record does not include the order, transcript, or pleadings from the earlier juvenile court proceeding. A limited amount of information regarding that proceeding can be gleaned from the record and briefs. For instance, apparently the Madisons filed the deprivation proceeding in order to remove the child from the presence of their son. No information is included in the record regarding the basis for the outcome of that proceeding.

visitation. A few months later, both sets of grandparents filed separate petitions to adopt the child. An investigator recommended that both petitions be approved. Noting that it could not grant both petitions, and that it would be in the child's best interest to have both sets of grandparents working together to provide for the child's support, the court denied both petitions for adoption.

1. The Madisons maintain that there was no evidence to support the court's finding that denying their adoption petition would be in the best interest of the child. The Madisons point out that the child's father voluntarily surrendered his rights to the child to them, and that they are worthy and capable of caring for the child. We acknowledge that there is evidence to support these contentions. Nonetheless, we hold that the trial court did not abuse its discretion in denying the Madisons' petition.

In a proceeding for adoption, the court considers whether: (1) each living parent of the child has surrendered or had terminated all his rights to the child in the manner provided by law; (2) the adopting parent is capable of assuming responsibility for the care, supervision, training, and education of the child; (3) the child is suitable for adoption in a private family home; and (4) the adoption requested is for the best interest of the child.[6] When even slight evidence supports the trial court's denial of a petition to adopt, it cannot be held that the discretion residing in that court was abused, particularly if that slight evidence indicates the best interest of the child will be served by denying the petition to adopt.[7]

In this case, the trial court expressly stated in its order that it was required to consider whether adoption would be in the best interest of the child. In making that determination, the court mentioned the previous decision by the juvenile court that the Barnetts should have primary physical custody, that the testimony did not show any change in circumstance since June 2001, that there was no evidence that the Barnetts mistreated the child, that the child "needs both [sets of] his grandparents to work together for his best interest," that placement with the Madisons would likely result in "lessening, and perhaps eliminating [W. M.'s] contact with the Barnetts," and that, were the adoption granted, it is unlikely that the two sets of grandparents "would reach the level of cooperation so necessary to protect [W. M.'s] best interest."

The court's decision is supported by record evidence that the Madisons did not always cooperate with the Barnetts in arranging for

---

[6] OCGA § 19-8-18 (b).

[7] *Bragg v. State of Ga.*, 226 Ga. App. 588, 589 (2) (487 SE2d 137) (1997); see *Albright, supra.*

visitation with the child. And there was evidence that the Madisons' financial situation was uncertain, as there were liens on their property and a $600,000 judgment rendered against them that had not been satisfied. Inasmuch as there was some evidence from which the trial court could find that it would not be in the best interest of the child to grant the petition, the ruling must be affirmed.[8]

We note that, contrary to the Madisons' position, the fact that their son surrendered his rights to the child over to his parents pursuant to OCGA § 19-8-7 (a) (which allows a child to be adopted by a relative with the surviving parent's consent), is not determinative. The father's surrender of his rights to W. M. to his parents certainly impacts the first requirement set forth above. But fulfillment of that requirement does not vitiate the fourth requirement of OCGA § 19-8-18 (b) — which incorporates the overriding concern of the adoption statutes — that the court must consider the best interest of the child in making adoption decisions. In fact, the case upon which the Madisons rely to support their argument that the surviving parent has the right to decide what will happen to his child, *Hester v. Mathis*,[9] does not support their position. *Hester* holds that the trial court must consider, in addition to whether the surviving parent consents to the adoption, whether the adopting parent is capable of caring for the child and whether the requested adoption is in the best interest of the child.[10] The court in *Hester* expressly states that the court is not required to grant the adoption unless all of the factors unequivocally appear.[11] Thus, no grounds for reversal have been shown.

2. The Madisons contend that the trial court erred by considering the outcome of the prior deprivation action when ruling upon the adoption petition in this case. In general, admissibility of evidence rests in the sound discretion of the trial court.[12] And in matters of adoption, the superior court has a very broad discretion which will not be controlled by the appellate courts except in cases of plain abuse.[13]

The Madisons point to no authority providing that a superior court abuses its discretion when it, in deciding the best interest of the child in an adoption proceeding, considers the prior juvenile court ruling which placed the child in the custody of the current caregivers. Moreover, it is clear from the superior court's order that the prior

---

[8] See *Bragg*, supra; *Matherly*, supra.

[9] 147 Ga. App. 257, 258 (2) (248 SE2d 538) (1978).

[10] Id.

[11] Id.

[12] See generally *Hosp. Corp. of Lanier v. Doster*, 254 Ga. App. 169-170 (561 SE2d 846) (2002).

[13] *Hall v. Coleman*, 264 Ga. App. 650, 652-653 (592 SE2d 120) (2003).

deprivation determination was but one factor upon which the court based its decision. This enumeration is without merit.

3. The Madisons argue that the trial court should not have speculated as to whether they would deny the Barnetts contact with the child if the adoption petition were granted. The trial court's conclusion that the couples may not fully cooperate and act in the child's best interest if the Madisons were allowed to adopt W. M. was based on the court's express factual finding that the Madisons had sometimes been uncooperative in coordinating visitation. William Madison admitted that there was "a good bit of animosity between [the Madisons] and the Barnetts." Again, the trial judge in an adoption case is vested with a broad range of legal discretion, and he decides the weight and credibility of evidence.[14] There being some evidence to support the court's finding, this argument presents no basis for reversal.[15]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED JUNE 7, 2004 —
RECONSIDERATION DENIED JULY 7, 2004 — 

*Leon Larke,* for appellants.
*Fleming, Jackson, Ingram & Floyd, Mildred K. Jackson,* for appellees.

---

[14] See *Albright,* supra.
[15] See generally *Bragg,* supra.
[1] Stocks raises no issues concerning merger.