A07A0528. THAGGARD et al. v. WILLARD et al.
(646 SE2d 479)

MIKELL, Judge.

Ronald E. Thaggard and Robin Sharon Thaggard appeal from the superior court's denial of their petition to adopt Mrs. Thaggard's granddaughter, K. W., and to terminate the parental rights of the child's legal father, Jimmy Allen Willard. The Thaggards have custody of the child pursuant to a juvenile court order. The child's mother, who is Mrs. Thaggard's daughter and Mr. Thaggard's stepdaughter, surrendered her parental rights and consented to the adoption. Willard objected. In denying the Thaggards' petition, the trial court concluded that Willard had not abandoned the child, had communicated with the child, and had paid some child support, so that the adoption could not take place without his consent pursuant to OCGA § 19-8-10, which delineates the circumstances when surrender or termination of parental rights of the nonconsenting parent

is not required as a prerequisite to the filing of an adoption petition. The trial court also concluded that it was in the child's best interest to continue her relationship with Willard's mother, Charlene Johnson, who had been awarded visitation rights by the juvenile court. The Thaggards appeal, asserting that the trial court erred in failing to find clear and convincing evidence of parental misconduct or inability or of Willard's failure to support or have meaningful contact with the child in the year preceding the filing of the petition, and that the court insufficiently articulated findings of fact and conclusions of law in its order. We disagree and affirm.

"In matters of adoption the superior court has a very broad discretion which will not be controlled by the appellate courts except in cases of plain abuse. Thus, if there is any evidence to support the judgment entered in an adoption proceeding, it must be affirmed by this court."[1] Furthermore, in cases concerning termination of parental rights, we review the evidence in the light most favorable to the appellee, in this case, Willard, and defer to the trial court in the area of factfinding.[2]

Properly viewed, the evidence shows that K. W., who was born on April 14, 2002, has lived with the Thaggards since she was five months old. Willard legitimated the child on November 4, 2002, although subsequent DNA testing proved that he was not the child's biological father. On July 18, 2005, the Bartow County Juvenile Court issued an order declaring the child deprived. The order recites that both parents were incarcerated; that the Thaggards had temporary custody of the child pursuant to a prior order that had expired; that "[Willard] acknowledged that he is not getting out of jail anytime soon and that although he is currently incarcerated on a parole violation for a shoplifting arrest, he is 'always' on probation for methamphetamines"; that although the father had neglected his parental duties, Ms. Johnson had always been an active part of the child's life and had exercised regular visitation with the child until the Thaggards began refusing visitation after learning that Willard was not the child's biological father; that the child had a bond with Johnson; and that it was not in the child's best interest to break the bond. The juvenile court awarded temporary custody to the Thaggards and visitation to Ms. Johnson pursuant to a standard superior court visitation order. Finally, the juvenile court incorporated a reunification case plan, requiring Willard to resolve all legal issues and commit no further

---

[1] (Punctuation and footnote omitted.) *Rokowski v. Gilbert*, 275 Ga. App. 305, 306 (2) (620 SE2d 509) (2005).

[2] See generally *In the Interest of S. K. L.*, 199 Ga. App. 731, 734 (1) (405 SE2d 903) (1991) (termination of parental rights affirmed).

crimes; become and remain alcohol and drug free; obtain and maintain safe and stable housing; obtain and maintain a stable and legal income; and maintain a bond with the child by regular, meaningful correspondence during his incarceration and regular, meaningful visitation thereafter, at Ms. Johnson's home and supervised by her. The order was set to expire on May 6, 2007.

The Thaggards filed the petition for adoption and termination of Willard's parental rights in superior court on March 29, 2006. The hearing was held on August 30. Willard and Ms. Johnson appeared and testified but were not represented by counsel. Mr. Thaggard testified that he is the guardian and custodian of K. W.'s two sisters, who are aged ten and seven, and that K. W. is bonded to them; that in April 2006, Willard had been ordered to pay child support of $62 per week to the Thaggards for K. W. but that he paid it for only two or three months; that since K. W. has been in their custody, they have had contact with Willard only three or four times but that Ms. Johnson has frequent contact with the child; and that he is concerned by the contact because Ms. Johnson previously abused drugs. The juvenile court's order of July 18, 2005, reflects her prior history of substance abuse but points out that no new facts had come to light to suggest that Ms. Johnson was not a fit and proper person to exercise visitation.

Mrs. Thaggard testified that she works from an office in her home, that she raises all three of her granddaughters, and that the sisters are bonded with each other. Mrs. Thaggard also testified that K. W. used foul language and displayed defiant behavior after visitation with Ms. Johnson and that she takes the child to weekly counseling sessions with a child psychologist to correct these behaviors. Mrs. Thaggard indicated, however, that the psychologist had counseled her to be open to K. W.'s need for continuing contact with Ms. Johnson and that she would be open to such contact. According to Mrs. Thaggard, Willard had been ordered to pay child support of $62 per week in February 2006, which she received for approximately three months. She estimated that Willard had given her a total of $800 to $1,000 over the course of K. W.'s life.

Willard, who was called for the purpose of cross-examination, admitted that he had been convicted in 2002 of possession of methamphetamine, DUI, and child endangerment. His conviction, a copy of which was introduced into evidence, showed that he had been sentenced to ten years to serve two years and ten months. Willard testified that he was released in 2003 after serving thirteen months in jail, that he was arrested twice for parole violations between 2003 and 2006, and that a month prior to the hearing in this case, two years of his probation were revoked for a new charge of possession of methamphetamine. He was incarcerated at the time of the hearing.

Willard further admitted that he was only permitted supervised visitation with K. W. due to his extensive drug history.

Ms. Johnson admitted that her son has a serious substance abuse problem. However, she also testified that he visits with K. W. under her supervision and that he calls K. W. from jail when she visits with Ms. Johnson. She further testified that Willard paid court-ordered child support himself for three months when he was working; that she never paid it on his behalf; and that he gave her money as well for the child's clothes.

1. At the outset, we address a deficiency in the Thaggards' brief. Court of Appeals Rule 25 (c) (1) mandates that "[t]he sequence of arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly." Although the Thaggards have enumerated three errors, they have not numbered their arguments correspondingly in the brief, hindering this Court's ability to undertake a meaningful analysis of the asserted errors. Counsel is reminded that "appellate rules are designed to facilitate the consideration of enumerated errors, and that compliance with such rules is not optional."[3] Nevertheless, cognizant that the best interest of the child is the overriding concern in an adoption case,[4] "we will address appellant[s'] enumerations of error based on what we perceive those arguments to be."[5]

2. The Thaggards contend that the trial court abused its discretion in denying the adoption pursuant to OCGA § 19-8-10 (a) and (b). We disagree. "In an adoption case, the trial judge sits as both judge and jury and is vested with a broad range of legal discretion. . . . When even slight evidence supports the trial court's denial of a petition to adopt, it cannot be held that the discretion residing in that court was abused."[6]

According to OCGA § 19-8-10 (a),

> [s]urrender or termination of rights of a parent . . . shall not be required as a prerequisite to the filing of a petition for adoption of a child of that parent . . . where the court determines by clear and convincing evidence that the: (1) Child has been abandoned by that parent; . . . [or] (4) Parent has failed to exercise proper parental care or control due to misconduct or inability, as set out in paragraph (2), (3), or (4) of subsection (b) of Code Section 15-11-94, and the court is of the opinion that the adoption is in the best interests of that

---

[3] (Citation omitted.) *In the Interest of D. D.*, 273 Ga. App. 839 (1) (616 SE2d 179) (2005).

[4] See *Madison v. Barnett*, 268 Ga. App. 348, 350 (1) (601 SE2d 704) (2004).

[5] (Citation omitted.) *In the Interest of D. D.*, supra.

[6] *Madison*, supra at 348, 349 (1).

child, after considering the physical, mental, emotional, and moral condition and needs of the child who is the subject of the proceeding, including the need for a secure and stable home.

Under OCGA § 19-8-10 (b), a parent's surrender of rights is not required if the parent

for a period of one year or longer immediately prior to the filing of the petition for adoption, without justifiable cause, has significantly failed:
(1) To communicate or to make a bona fide attempt to communicate with that child in a meaningful, supportive, parental manner; or
(2) To provide for the care and support of that child as required by law or judicial decree,
and the court is of the opinion that the adoption is for the best interests of that child.

In the case at bar, the trial court found that although Willard had not provided a stable or wholesome relationship with the child based on his drug violations and repeated incarcerations, he had paid some child support both before and after the filing of the adoption petition and had made contact with and communicated with the child during her visitation with Ms. Johnson. Therefore, the court found that the evidence failed to show that Willard had abandoned the child, had failed to provide care and support for the child, or had failed to communicate with the child for a year or longer prior to the filing of the petition.[7] The evidence recounted above shows that Willard paid child support pursuant to a court order before the petition was filed and that he called the child from jail when the child visited with his mother. As there is evidence to support the trial court's findings, the judgment must be affirmed.

Furthermore, the Thaggards offered no evidence that it was not in the child's best interest to continue visitation with Ms. Johnson. The trial court specifically found that she had exercised regular visitation with the child since the entry of the juvenile court order and that it was in the child's best interest for all grandparents to cooperate in providing for the child.[8] The court's determination is supported by evidence, in the form of a letter from Ms. Johnson, detailing her and Willard's relationship with the child as well as the juvenile

[7] See OCGA §§ 19-8-10; 15-11-94 (b) (4) (C) (i), (ii).
[8] See *Madison*, supra at 349 (1).

court's finding that it was not in the child's best interest to break the bond between her and her grandmother.

The Thaggards contend that the trial court erred in failing to find clear and convincing evidence of parental misconduct or inability because Willard had, without justifiable cause, failed to provide for the care and support of the child.[9] They compare this case to *Mellies v. Dearborn*.[10] In that case, however, the evidence showed that the mother paid no money for the child's support for more than one year prior to the filing of the adoption petition by the grandparents.[11] In this case, there is evidence that the father paid child support pursuant to a court order for a period of time preceding the filing of the petition. Moreover, the Thaggards, as petitioners, had the burden of proving by clear and convincing evidence that Willard had significantly failed, without justifiable cause, to pay support for the requisite statutory period.[12] Here, although the Thaggards contended that Willard did not pay "meaningful" child support, they did not plead or argue that Willard's failure to pay additional child support was without justifiable cause.[13]

3. The Thaggards complain that the trial court failed to articulate specific findings of fact and conclusions of law in its order, as required by OCGA § 19-8-18 (b). That Code section states, in pertinent part: "In all cases wherein Code Section 19-8-10 is relied upon by any petitioner as a basis for the termination of parental rights, the court shall include in the decree of adoption appropriate findings of fact and conclusions of law relating to the applicability of Code Section 19-8-10." Indeed, specific findings of fact and legal conclusions are required in all orders terminating parental rights because of the drastic effect of such orders.[14] "There is no judicial determination which has more drastic significance than that of permanently severing a natural parent-child relationship. It must be scrutinized deliberately and exercised most cautiously."[15]

In the case at bar, however, the trial court did not enter a decree of adoption or terminate Willard's parental rights, and the Thaggards

---

[9] OCGA § 19-8-10 (b) (2).

[10] 253 Ga. App. 138 (558 SE2d 460) (2001).

[11] Id.

[12] See *McCollum v. Jones*, 274 Ga. App. 815, 820 (a) (1) (619 SE2d 313) (2005) (physical precedent only), citing *Jones v. Sauls*, 213 Ga. App. 55, 56 (2) (443 SE2d 693) (1994).

[13] See *Jones v. Sauls*, supra at 57 (3) (c) (incarceration does not automatically give rise to justifiable cause); accord *Ray v. Denton*, 278 Ga. App. 69, 71 (1) (628 SE2d 180) (2006).

[14] See *In the Interest of G. K. J.*, 187 Ga. App. 443, 445 (3) (370 SE2d 490) (1988), citing *Crook v. Ga. Dept. of Human Resources*, 137 Ga. App. 817, 818 (224 SE2d 806) (1976) ("juvenile court cannot make a bare recital as to a finding of the existence of parental misconduct or inability").

[15] *In the Interest of M. M.*, 263 Ga. App. 353, 359 (1) (587 SE2d 825) (2003).

have not cited a case requiring us to apply the same level of scrutiny to the order as if the opposite had occurred.[16] In any event, the trial court entered findings of fact and conclusions of law sufficient to satisfy OCGA § 19-8-10 (b): namely, that Willard had communicated with the child and paid child support during the year prior to the filing of the adoption petition, and that the adoption was not in the child's best interest, including the factual basis for this conclusion. The court specifically found that the evidence presented at the hearing failed to demonstrate that Willard's parental rights were terminable pursuant to OCGA § 15-11-94 (b) (2), (3), or (4), regarding parental misconduct or inability, because Willard had paid child support and had communicated with the child.

4. Finally, the Thaggards' contention that the court erred in failing to find clear and convincing evidence that Willard had failed to comply with the juvenile court's reunification plan, OCGA § 15-11-94 (b) (4) (C) (iii), is misplaced. The statute requires that such failure extend for at least a year prior to the filing of the petition for termination of parental rights. The juvenile court's order incorporating the reunification plan was entered on July 18, 2005, and the petition was filed approximately eight months later, on March 29, 2006. Thus, the requisite time period was not met. Moreover, the trial court noted that its order "does not preclude future legal actions if the legal father fails to adhere to the Juvenile Court's [order] in the future."

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 14, 2007.

*Mary F. McCord*, for appellants.
*Gerard P. Verzaal*, for appellees.

---

[16] Compare *Maynard v. Brown*, 276 Ga. App. 229, 230-231 (622 SE2d 901) (2005) (order terminating father's rights and granting stepparent adoption vacated and remanded for entry of findings of fact and conclusions of law consistent with OCGA § 19-8-10 (b) (1)).